## Norfolk

COMMONWEALTH OF VIRGINIA

v.

RODELFO CASTRO BROWN

No. 1286-88-1

Decided April 3, 1989

COUNSEL

Richard A. Conway, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellant.

Robert F. Hagans, Jr. (J. Hugo Madison, on brief), for appellee.

OPINION

**BARROW, J.**—This is an interlocutory appeal by the Commonwealth from an order suppressing evidence of cocaine found on the defendant when law enforcement officers searched him. We conclude that we may not entertain this appeal because the trial court's suppression order is not one which the Commonwealth is permitted to appeal. Code § 19.2-398; *Commonwealth v. Ragland*, 7 Va. App. 452, 453, 374 S.E.2d 183, 183 (1988).

■ Generally, the Commonwealth may not appeal "a case involving the life or liberty of a person." Va. Const. art. VI, § 1. *See also Commonwealth v. Smith*, 230 Va. 354, 357, 337 S.E.2d 278, 279 (1985). It may not do so even indirectly. *Hart v. Commonwealth*, 221 Va. 283, 290, 269 S.E.2d 806, 811 (1980). An exception to this prohibition allows the Commonwealth to appeal from an order suppressing evidence at trial on the grounds that it has been obtained in violation of "the provisions of the Fourth, Fifth or Sixth Amendments to the Constitution of the United States or Art. I, Sections 8, 10 or 11 of the Constitution of Virginia." Va. Const. art. VI, § 1; Code § 19.2-398 *et seq.*

The trial court's order in this case was not based on a violation of a provision of the Virginia or United States Constitutions, but was based on Code § 19.2-83, which limits the authority of a police officer to stop, question and search a suspicious person. *See also* Code § 19.2-60 (suppression of property unlawfully seized). While the trial court's opinion letter described the search as "statutorily and constitutionally flawed," the trial court's opinion concluded only that the motion was sustained "because the facts of this case do not justify an 18.2-93 [sic][1] stop or 'intervention.' "

---

[1] The reference to Code § 18.2-93 was apparently a typographical error intended to refer to Code § 19.2-83 since the opinion discusses only the application of Code § 19.2-83.

The trial court's decision to suppress the evidence rested on a determination, erroneous or not, that the evidence had been seized in a search conducted contrary to statute, not contrary to the Virginia or the United States Constitutions. The Commonwealth's right to appeal is limited to suppression orders granted on the basis of violation of specific provisions of the United States Constitution and the Virginia Constitution. Therefore, the Commonwealth has no right to appeal this decision and we have no authority to review its correctness. *See Commonwealth v. Ragland*, 7 Va. App. at 453, 374 S.E.2d at 183.

The constitutional and statutory authority for Commonwealth appeals is narrowly circumscribed. It was not enacted to allow Commonwealth appeals from all allegedly erroneous pre-trial rulings by the trial court. Even if the trial court's ruling was erroneous, was non-responsive and exceeded the bounds of the relief requested, and even if it was intended to frustrate the Commonwealth's right of appeal, these facts do not provide a basis for the exercise of this Court's appellate jurisdiction. Until such time as the Constitution and Code are amended to authorize Commonwealth appeals from orders suppressing evidence on statutory grounds, this ruling, even if erroneous, must stand.

For these reasons, we conclude that the Commonwealth may not appeal the order of the trial court, and we dismiss the appeal.

*Dismissed.*

Baker, J., concurring.

Rodelfo Castro Brown (defendant) was indicted for possession of illegal drugs with intent to distribute. In a pretrial motion he requested the trial court to suppress the evidence pertaining to the drugs found in his possession by narcotics officers. His motion to suppress was made solely pursuant to the exclusionary rule developed by the federal courts from violations of the unreasonable search and seizure prohibitions of the fourth amendment to the Constitution of the United States.

In a letter opinion, the trial court sustained defendant's motion to suppress "because the facts . . . do not justify an 18.2-93 (sic)

stop."[1] Upon a review of the trial court's letter opinion, the pleadings, evidence, and order, it appears that the trial court may deliberately have ruled as it did to prevent the Commonwealth from appealing its decision. From that decision the Commonwealth appeals.

The motion to suppress made no reference to Code § 19.2-83 and it is unlikely that it ever occurred to counsel that the cited statute could be used as a basis for suppression of evidence. Code § 19.2-83 provides:

> Authority of police officers to stop, question and search suspicious persons. — Any police officer may detain a person in a public place whom he reasonably suspects is committing, has committed or is about to commit a felony or possesses a concealed weapon in violation of § 18.2-308, and may require of such person his name and address. Provided further, that such police officer may, if he reasonably believes that such person intends to do him bodily harm, search his person for a dangerous weapon, and if such person is found illegally to possess a dangerous weapon, the police officer shall take possession of the same and dispose of it as is provided by law.

The statute is permissive, not prohibitive, and if the record does not disclose that the officers acted reasonably the Commonwealth may not use its provisions to justify the actions of the officers. It is not because the statute could not be used to support the officers' actions that suppression may be ordered. Suppression follows when the facts disclose that the Constitution has been violated. *Mapp v. Ohio*, 367 U.S. 643 (1961), made the exclusionary rule applicable to the states where evidence had been obtained in violation of a United States constitutional provision. However, historically, searches or seizure made contrary to provisions contained in Virginia statutes provide no right of suppression unless the statute supplies that right. In *Hart v. Commonwealth*, 221 Va. 283, 287 n.*, 269 S.E.2d 806, 809 n.* (1980) the court said:

> The Virginia Search and Seizure Act of 1920 made it a misdemeanor for any law enforcement officer to search without a warrant. An offending officer was liable to the victim in com-

---

[1] Although the trial court made reference to Code § 18.2-93 it is obvious that it intended to cite Code § 19.2-83.

pensatory and punitive damages and, upon a second conviction, forfeited his office. Acts 1920, c. 345; Code § 19.2-59. In *Hall v. Commonwealth*, 138 Va. 727, 121 S.E. 154 (1924), the exclusionary rule was rejected, after careful consideration, on the premise that an unlawful search is a completed offense against the constitutional rights of the accused, for which the officer may be held accountable without depriving the government of its right to use evidence, otherwise competent and relevant, against violators of its criminal laws.

There was only one issue before the trial court: should the evidence be suppressed because the officers violated the unreasonable search and seizure provisions of the fourth amendment? I concur with Judge Cole's view that the trial court erred when it failed to respond to that question. Its verdict was premised upon an issue not pleaded and thus not properly before it for decision. The trial court was without authority to decide an issue not raised by the pleadings. *See City of Norfolk v. Vaden*, 237 Va. 40, 375 S.E.2d 730 (1989).

As erroneous as the decision of the trial court may be the legislature has not granted the Commonwealth the right to appeal from errors made by the trial court which do not involve rulings suppressing evidence based upon the provisions of the fourth, fifth and sixth amendments to the Constitution of the United States or Article I, sections 8, 10 or 11 of the Constitution of Virginia. No such ruling was made in the case before us.

For the reasons stated, I reluctantly would dismiss the Commonwealth's appeal.

Cole, J., dissenting.

In this case Brown filed a motion "to suppress all evidence as stated above because the government agents violated defendant's Fourth Amendment and Fourteenth Amendment Rights of the United States Constitution." In an evidentiary hearing, the trial court heard testimony of both the Commonwealth and the defendant on the suppression motion.

An opinion letter written by the trial judge commenced with this statement: "The Court must decide whether or not the officers

in this case by conducting a warrantless search of the defendant's baggage and person exceeded the permissible limits of 18.2-93 [sic], Code of Virginia." As the previously quoted language from the defendant's suppression motion clearly discloses, the basis for the motion was an alleged violation of the defendant's constitutional rights, not the Code of Virginia. The trial court's order in this case, however, was based on Code § 19.2-83, which limits the authority of a police officer to stop, question and search a suspicious person. As set forth in Judge Baker's concurring opinion, this section contains no provision for suppression of evidence. Although a statement contained in the trial court's opinion letter described the defendant's search as "statutorily and constitutionally flawed," the opinion concluded only that the motion was sustained "because the facts of this case do not justify an 18.2-93 [sic] stop or 'intervention.' " In circumstances such as this, where the appellate jurisdiction of this court is dependent upon the basis on which a ruling is made, in order to discern such basis I believe it is appropriate to consider not only the order of the trial court, but also the pleadings upon which such order is entered. The pleadings in this case clearly and unequivocally sought suppression on constitutional grounds. The trial court's order, however, while somewhat ambiguous, appears to respond to a different issue, an issue not before the trial court. When the order is viewed in the context of the pleadings and when the authority of the trial court is evaluated with reference to the function of the pleadings, I would find that the suppression order was, in law if not in fact, based on constitutional grounds.

The function of a pleading is to inform the opposing party of the nature of the case to be made against it. That purpose would be defeated if it were permissible to allege one case and prove another. If this were not the rule, the pleadings would be a snare to entrap the parties rather than a shield to protect them from surprise. *City of Norfolk v. Vaden*, 237 Va. 40, 44, 375 S.E.2d 730, 733 (1989).

Whether intentional or not, the consequence of the trial court's ruling was to deprive the Commonwealth of its right of appeal under Code § 19.2-398. Because the trial court's opinion letter was non-responsive to the motion before it and exceeded the relief requested, it was void and cannot serve as the basis for the suppression of this evidence. We must assume, therefore, that the

suppression order was based, at least in part, on an alleged violation of the defendant's constitutional rights since the order provided for suppression of evidence. When so viewed, the Commonwealth's right of appeal is authorized. For this reason I would address the merits of the suppression ruling.