# Richmond
COMMONWEALTH OF VIRGINIA
v.
RONALD EDWARD HAWKINS
No. 1370-89-2
Decided March 20, 1990

COUNSEL

Virginia B. Theisen, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellant.

David B. Baugh, for appellee.

OPINION

WILLIS, J.—In this case, we consider the scope of the right of appeal afforded the Commonwealth by Code § 19.2-398(2).

The defendant, Ronald Edward Hawkins, was charged with murder. He filed a motion to suppress the testimony of Larry Richardson, who identified him as the assailant, on the ground that Richardson had been subjected by the police to an identification procedure which violated the defendant's constitutional due process rights. Finding that the procedure employed was impermissibly suggestive and gave rise to a substantial likelihood of misidentification, the trial court held that it violated the Fifth and Fourteenth Amendments of the United States Constitution and article I, section 11, of the Constitution of Virginia and suppressed Richardson's testimony. We granted the Commonwealth this appeal pursuant to Code § 19.2-398(2).

Article VI, section 1, of the Constitution of Virginia provides:

No appeal shall be allowed to the Commonwealth in a case involving the life or liberty of a person, except that an appeal by the Commonwealth may be allowed in any case involving the violation of a law relating to the State revenue. The General Assembly may also allow the Commonwealth a right of appeal in felony cases, before a jury is impaneled and sworn if tried by jury or, in cases tried without a jury, before the court begins to hear or receive evidence or the first witness is sworn, whichever occurs first, from (1) an order of a Circuit Court dismissing a warrant, information or indictment or any count or charge thereof on the grounds that a statute upon which it was based is unconstitutional and (2)

an order of a Circuit Court proscribing the use of certain evidence at trial on the grounds such evidence was obtained in violation of the provisions of the Fourth, Fifth or Sixth Amendments to the Constitution of the United States or Article I, Sections 8, 10 or 11 of this Constitution *proscribing illegal searches and seizures and protecting rights against self incrimination*, provided the Commonwealth certifies the evidence is essential to the prosecution (emphasis added).

Enacted pursuant to the foregoing constitutional authorization, Code § 19.2-398 states:

A petition for appeal from a circuit court may be taken by the Commonwealth only in felony cases, before a jury is impaneled and sworn in a jury trial, or before the court begins to hear or receive evidence or the first witness is sworn, whichever occurs first, in a nonjury trial. The appeal may be taken from:

· * * *

2. An order of a circuit court prohibiting the use of certain evidence at trial on the grounds such evidence was obtained in violation of the provisions of the Fourth, Fifth or Sixth Amendments to the Constitution of the United States or Article I, Sections 8, 10 or 11 of the Constitution of Virginia *prohibiting illegal searches and seizures and protecting rights against self incrimination*, provided the Commonwealth certifies the evidence is essential to the prosecution (emphasis added).

The motion to suppress was granted on a finding that the defendant's due process rights had been violated. There was no finding that the evidence suppressed resulted from an illegal search or seizure or from an infringement of the defendant's right against self-incrimination. Nonetheless, the Commonwealth argues that it is entitled to maintain this appeal. It contends that the emphasized language, which limits appeals to those involving illegal searches and seizures and violations of rights against self-incrimination, applies only to the Virginia Constitutional provisions and does not relate to the recited provisions of the United States Con-

stitution. We disagree.

The Commonwealth argues that the emphasized provisions could not refer to the sixth amendment of the United States Constitution because that amendment deals neither with search and seizures nor with self-incrimination. It overlooks, however, that sixth amendment violations may implicate considerations of search and seizure or self incrimination. *See, e.g., Brewer v. Williams,* 430 U.S. 387 (1977) (where as a result of the violation of his sixth amendment right to effective assistance of counsel, the defendant incriminated himself). Furthermore, article I, section 11 of the Virginia Constitution does not relate expressly either to search and seizure or to self-incrimination.

The statute must be read so as to give effect to the plain meaning of all of its terms. *See Diggs v. Commonwealth,* 6 Va. App. 300, 302, 369 S.E.2d 199, 200 (1988). It is in derogation of the general constitutional prohibition against appeals by the Commonwealth. It "must be strictly construed against the state and limited in application to cases falling clearly within the language of the statute." *Crews v. Commonwealth,* 3 Va. App. 531, 536, 352 S.E.2d 1, 3 (1987) (quoting *Turner v. Commonwealth,* 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983)).

Reduced to its basic provisions, Code § 19.2-398(2) provides that an appeal may be taken from: "[a]n order. . . prohibiting the use of certain evidence. . . obtained in violation of the provisions of [the federal constitutional provisions] or [the state constitutional provisions] *prohibiting illegal searches and seizures and protecting rights against self incrimination. . . .*" (emphasis added). The issue to be appealed must be of constitutional dimension, relating to the specific constitutional provisions, but its subject matter is defined by the emphasized language.

We conclude that this appeal is outside the scope of Code § 19.2-398(2) and cannot be maintained. It is dismissed.

*Dismissed.*

Benton, J., and Cole, J., concurred.