COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Fitzpatrick and Annunziata
Argued at Roanoke, Virginia


COMMONWEALTH OF VIRGINIA

v.        Record No. 1866-95-3                OPINION BY
                                        JUDGE JOHANNA L. FITZPATRICK
BILLY WAYNE RODGERS                          MARCH 4, 1996


            FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
                   William N. Alexander, II, Judge

            Margaret Ann B. Walker, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellant.

            Charles J. Strauss, for appellee.



      Billy Wayne Rodgers (appellee) was indicted for bribery of a
law enforcement officer in violation of Code § 18.2-438.
Appellee filed a motion to suppress the evidence used in a prior
bribery trial based on the doctrine of collateral estoppel.  The
trial court granted the suppression motion, and the Commonwealth
appeals that ruling pursuant to Code § 19.2-398(2).  Because we
conclude that this appeal is not authorized by Code
§ 19.2-398(2), we do not reach the merits of the Commonwealth's
collateral estoppel argument.

      Appellee was indicted for bribing a law enforcement officer
on September 14, 1994.  In a trial held May 9, 1995, he was tried
and acquitted of the September 14 charge.  Appellee was also
indicted for bribery of a law enforcement officer on September
22, 1994.  Before his trial on the September 22 charge, appellee
filed a motion in limine, asserting that the doctrine of

collateral estoppel barred the use of evidence from his first trial. He argued that "any trial . . . on the same charge using the same evidence [presented at the first bribery trial] would constitute double jeopardy" and that the Commonwealth should not be allowed to use any evidence "presented in the former proceeding to establish the alleged bribery of September 22, 1994." At the motion hearing held August 9, 1995, the trial court granted appellee's motion and excluded any evidence of the events occurring on September 14, 1994, basing its decision on the doctrine of collateral estoppel. The Commonwealth appealed that ruling pursuant to Code § 19.2-398(2).

In general, "[n]o appeal shall be allowed to the Commonwealth in a case involving the life or liberty of a person." Va. Const. art. VI, § 1. However, in derogation of that general prohibition, the Commonwealth is allowed a limited right of appeal in criminal cases. Code § 19.2-398 provides, in pertinent part:

> A petition for appeal from a circuit court may be taken by the Commonwealth only in felony cases, before a jury is impaneled and sworn in a jury trial, or before the court begins to hear or receive evidence or the first witness is sworn, whichever occurs first, in a nonjury trial. The appeal may be taken from:
>
> \*   \*   \*   \*   \*   \*   \*
>
> (2) An order of a circuit court prohibiting the use of certain evidence at trial on the grounds such evidence was <u>obtained</u> in violation of the provisions of the Fourth, Fifth or Sixth Amendments to the Constitution of the United States or Article I, Sections

2

8, 10 or 11 of the Constitution of Virginia <u>prohibiting illegal searches and seizures and protecting rights against self-incrimination</u>, provided the Commonwealth certifies the evidence is essential to the prosecution.

(Emphasis added.)  Under Code § 19.2-398(2), "[t]he Commonwealth's right to appeal is limited to suppression orders granted on the basis of violation of specific provisions of the United States Constitution and the Virginia Constitution." <u>Commonwealth v. Brown</u>, 8 Va. App. 41, 43, 378 S.E.2d 623, 624 (1989).  "The constitutional and statutory authority for Commonwealth appeals is narrowly circumscribed.  It was not enacted to allow Commonwealth appeals from all allegedly erroneous pre-trial rulings by the trial court."  <u>Id.</u>

In interpreting the scope of Code § 19.2-398(2), we have held that the Commonwealth may not appeal the suppression of evidence based on the violation of a statute or based on the violation of a defendant's constitutional due process rights. <u>See, e.g.</u>, <u>Brown</u>, 8 Va. App. at 42-43, 378 S.E.2d at 623-24 (violation of Code § 19.2-83, which limits police authority to stop, question, and search a suspicious person); <u>Commonwealth v. Hawkins</u>, 10 Va. App. 41, 42-43, 390 S.E.2d 3, 4 (1990) (violation of constitutional due process in identification procedure).  In <u>Hawkins</u>, we stated:

> Reduced to its basic provisions, Code § 19.2-398(2) provides that an appeal may be taken from:  "[a]n order . . . prohibiting the use of certain evidence . . . obtained in violation of the provisions of [the federal constitutional provisions] or [the state constitutional provisions] <u>prohibiting</u>

3

> illegal searches and seizures and protecting
> rights against self-incrimination . . . ."
> (emphasis added). The issue to be appealed
> must be of constitutional dimension, relating
> to the specific constitutional provisions,
> but its subject matter is defined by the
> emphasized language.

Id. at 44, 390 S.E.2d at 5 (second emphasis added).

In the instant case, the trial court suppressed the evidence presented at the first bribery trial on the basis of collateral estoppel. As in Hawkins, "[t]here was no finding that the evidence suppressed resulted from an illegal search or seizure or from an infringement of the defendant's right against self-incrimination." Id. at 43, 390 S.E.2d at 4. Thus, although the Commonwealth's use of the evidence at the second trial may have had double jeopardy implications, this constitutional issue does not fall within the scope of Code § 19.2-398(2) because it does not involve "prohibiting illegal searches and seizures [or] protecting rights against self-incrimination." Additionally, the evidence suppressed by the trial court was not obtained in violation of any of the listed constitutional provisions.

Because we conclude that this appeal is outside the scope of Code § 19.2-398(2), we do not reach the merits of this case. Accordingly, this appeal is dismissed.

                                          Dismissed.

4