BENTON, Judge,
concurring.
I believe the majority’s use of the “right for the wrong reason” principle is inappropriate under the circumstances of this case.
First, the Commonwealth does not argue that the principle is applicable to this case. Indeed, the Commonwealth concedes on brief that the trial judge’s pretrial suppression ruling, although “wrong ... [, it] has, however, become the law of the case.” The Commonwealth’s brief does not urge this Court to apply the “right for the wrong reason” analysis the majority invokes.
Second, the trial judge’s ruling suppressing the statement was a pretrial ruling that the Commonwealth could have appealed, see Code § 19.2-398, and elected not to do so. When the Commonwealth failed to appeal that ruling pursuant to Code § 19.2-398, it was barred from seeking a reversal of that decision. “[T]he legislature has narrowly limited the Commonwealth’s right to appeal suppression orders.” Commonwealth v. Ragland, 7 Va.App. 452, 453, 374 S.E.2d 183, 183 (1988). Thus, we have no authority “in this appeal [to] permit the Commonwealth to accomplish indirectly what it cannot do directly, and we [should] therefore reject the alternative ground advanced for the admissibility of [the] confession.” Hart v. Commonwealth, 221 Va. 283, 290, 269 S.E.2d 806, 811 (1980).
Because we must strictly construe the limitation on the Commonwealth’s right to appeal the trial judge’s pretrial ruling, see Commonwealth v. Hawkins, 10 Va.App. 41, 44, 390 S.E.2d 3, 5 (1990), we cannot now review the pretrial suppression ruling under the rubric of applying the “right for the wrong reason” doctrine. The sole argument the Commonwealth advances for affirming the trial judge’s ruling is that the admission of Bynum’s statement was harmless error because the statement “was nevertheless admissible to impeach *461 Bynum’s trial testimony that he shot his wife accidentally.” I would affirm the conviction for that reason.
After the trial judge’s pretrial ruling suppressing Bynum’s statement because it was taken in violation of Bynum’s Miranda rights, Bynum’s counsel informed the jury in his opening remarks that Bynum would testify and would tell the jury that Bynum gave a statement to the police and lied while giving that statement. Bynum’s counsel then detailed certain events that Bynum related to the police when he gave his statement. Bynum did, in fact, testify in his defense. He related to the jury the events that led to his interrogation by the police and testified concerning statements he made to the police.
Pursuant to Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), Bynum’s statement could have been used by the Commonwealth in cross-examination or in rebuttal to impeach Bynum’s trial testimony. Id. at 226, 91 S.Ct. 643. See also Oregon v. Hass, 420 U.S. 714, 722, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975). Furthermore, the record makes abundantly clear that Bynum’s decision to testify about the statements he made to the police was independent of the Commonwealth’s use of his statement in its case-in-chief. Bynum’s counsel signalled that decision before the Commonwealth put on its evidence. I believe these circumstances render the earlier admission of Bynum’s statement to the police harmless error.
At trial, Bynum argued that the evidence was insufficient to convict him because the evidence failed to prove he had the requisite specific intent. Bynum abandons that argument on appeal and argues, instead, that in the absence of his statement to the police the evidence was insufficient to prove he shot the gun. Bynum’s testimony at trial proved he shot the gun. Thus, I would hold that the evidence was sufficient to prove beyond a reasonable doubt that Bynum was guilty of the offense of aggravated malicious wounding.
For these reasons, I would also affirm the convictions.