COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, McCullough and Senior Judge Haley
Argued by teleconference


COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY

v.       Record No. 0418-14-4           JUDGE STEPHEN R. McCULLOUGH
                                            JULY 25, 2014

CHARLES ALBERT MASSEY, III


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Charles J. Maxfield, Judge

Alice T. Armstrong, Senior Assistant Attorney General
(Mark R. Herring, Attorney General; Victoria Johnson, Assistant
Attorney General, on brief), for appellant.

Alexa K. Mosley (Rodney G. Leffler; Jennifer L. Leffler;
Jonathan L. Phillips; Leffler & Mosley, P.C., on brief), for appellee.


The Commonwealth appeals an order excluding the preliminary hearing testimony of the

victim from the defendant's trial.  The trial court's ruling was based on the application of

Rule 2:804(b) of the Rules of Evidence.  We conclude that the statute conferring upon the

Commonwealth a limited right of appeal does not encompass appeals from evidence excluded under

the Rules of Evidence.  Therefore, we lack jurisdiction over this appeal.

BACKGROUND

Charles Albert Massey, III, was charged with two counts of rape and one count of abduction

with the intent to defile.  The alleged victim, P.E., testified at the preliminary hearing.  According to

her testimony, on September 3, 2013, the defendant, who was previously her fiancé, arrived at her

apartment, because, he said, he needed to talk to her.  After being there a while, P.E. asked him to

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

leave, but he refused. From there, matters escalated. She testified that the defendant pinned her down and raped her. When she tried to scream, he put his hand over her mouth. He struck her repeatedly and strangled her several times, causing her to black out. After a pause, he raped her again. He initially refused to let her go, even binding her hands and feet with tape. Eventually, he relented and let her go when she promised she would not turn him in to the police.

On cross-examination, counsel asked P.E. about the fact that her sexual relationship with the defendant continued after she broke off their engagement, her abuse of alcohol, the fact that she had stayed with the defendant for fifteen days in August of 2013, and the fact that their relationship had been mutually violent. Counsel also inquired about why the victim did not leave when the defendant fell asleep, following the alleged rape, or why she did not jump out of the car at a traffic light as he drove her around the following morning. She responded that she was in shock and fear.

The court afforded counsel broad latitude in cross-examination, repeatedly overruling the Commonwealth's objections to various lines of questioning. Although defense counsel modified some of his questions in response to objections by the Commonwealth or comments by the court, the court sustained only one objection by the Commonwealth. That question related to whether P.E.'s father, along with the defendant, had helped her with her "problems or issues."

The victim died before the trial.[1] The defendant then filed a motion *in limine* to exclude P.E.'s preliminary hearing testimony from his trial, raising two grounds: that admitting P.E.'s preliminary hearing testimony would violate Rule 2:804(b) of the Rules of Evidence and his rights under the Confrontation Clause of the United States Constitution. He contended that the limitations the court imposed on his cross-examination at the preliminary hearing rendered inadmissible the testimony recorded at that hearing. He also noted that at the time of the preliminary hearing, he lacked certain information, including discovery materials such as telephone records, photographs

---

[1] The record before us does not reveal the cause of the victim's death.

and video, and text messages, arguing that these items would have enabled a more robust cross-examination.

Following argument by counsel, the court granted the motion. Initially, the court stated that it would be "fundamentally unfair" to allow the preliminary hearing testimony into evidence. The prosecution then pressed for clarification of the court's ruling and whether it was based on "the defendant's constitutional rights." The court emphatically responded, "No, it's not." The court explained that its ruling was instead based on Rule 2:804(b)(1). Further driving the point home, the court stated:

> I'm ruling that you haven't met the exception set out in rule 2 colon 804 subsection (b)(1), which is the right to cross examine, which is the right to cross examine completely and fairly and I don't think that was met.
>
> So he didn't get the right to cross examine the witness, and that's under the rule, not under Crawford[ v. Washington, 541 U.S. 36 (2004)]. That's my ruling.

The court, once again, stated "no" in response to a question from the prosecution about whether it was relying on constitutional grounds in excluding the preliminary hearing testimony.

ANALYSIS

The Commonwealth's right of appeal "is narrowly circumscribed." Commonwealth v. Brown, 8 Va. App. 41, 43, 378 S.E.2d 623, 624 (1989). In relevant part, Code § 19.2-398(A)(2) provides that, in a felony case, the Commonwealth may take a pretrial appeal from a circuit court when a trial court has "prohibit[ed] the use of certain evidence at trial on the grounds such evidence was obtained in violation of the provisions of the . . . Sixth . . . Amendment[] to the Constitution of the United States." This statute "was not enacted to allow Commonwealth appeals from all allegedly erroneous pre-trial rulings by the trial court." Brown, 8 Va. App. at 43, 378 S.E.2d at 624. Moreover, under this Court's precedent, the Commonwealth's right to appeal is "'strictly construed against the state and limited in application to cases falling clearly within the language of

- 3 -

the statute'" Commonwealth v. Hawkins, 10 Va. App. 41, 44, 390 S.E.2d 3, 5 (1990) (quoting Crews v. Commonwealth, 3 Va. App. 531, 536, 352 S.E.2d 1, 3 (1987)).

First, the record is abundantly clear that the trial court excluded the evidence on the ground that it was inadmissible under Rule 2:804(b)(1) of the Rules of Evidence. The trial court expressly rejected the suggestion that it was relying on the defendant's right to confront the witnesses against him secured by the Sixth Amendment of the United States Constitution. Second, Code § 19.2-398 plainly does not confer upon the Commonwealth a right to appeal from a ruling excluding evidence on the basis of the Rules of Evidence. Therefore, allowing this appeal to proceed would require this Court to read into the statute a basis for appeal that the General Assembly has chosen not to include. Accordingly, the trial court's ruling does not fall within the scope of Code § 19.2-398.[2]

Our holding is consistent with precedent. We repeatedly have refused to permit appeals by the Commonwealth beyond those expressly permitted by statute. See Hawkins, 10 Va. App. at 44, 390 S.E.2d at 4-5; Commonwealth v. Rodgers, 21 Va. App. 745, 748, 467 S.E.2d 813, 815 (1996); Brown, 8 Va. App. at 43, 378 S.E.2d at 624; Commonwealth v. Ragland, 7 Va. App. 452, 453, 374 S.E.2d 183, 183 (1988). The fact, as the Commonwealth vigorously presses, that the trial court's ruling may have been erroneous does not alter the outcome. Brown, 8 Va. App. at 43, 378 S.E.2d at 624.

Finally, there is a difference between a constitutionally-based right and the separate, if related, state law governing the admission of evidence. Sapp v. Commonwealth, 263 Va. 415, 559 S.E.2d 645 (2002), illustrates this principle. There, the question before the Supreme Court was whether prior testimony from a preliminary hearing could be admitted. The Court examined the Virginia law of evidence and concluded that the testimony was not admissible because the relevant

---

[2] On brief, the Commonwealth, with commendable candor, acknowledges that it is "constrained to suggest to the Court a want of jurisdiction under Virginia Code § 19.2-398 to hear this appeal."

hearsay exception had not been satisfied.  The Court noted that "[b]ecause we decide this case based

upon evidentiary requirements for admission of hearsay under state law, it is unnecessary to address

Confrontation Clause issues under the Sixth Amendment to the United States Constitution."  Id. at

427, 559 S.E.2d at 651-52.  Likewise here, the trial court based its ruling on the Rules of Evidence.

CONCLUSION

This appeal lies beyond the scope of appeals permitted under Code § 19.2-398.

Accordingly, the appeal is dismissed and the case remanded for further proceedings should the

Commonwealth be so advised.

Appeal dismissed and case remanded.