COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Decker, Russell and AtLee
Argued at Richmond, Virginia


COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
v.        Record No. 0559-15-2            JUDGE WESLEY G. RUSSELL
                                           SEPTEMBER 22, 2015

JOSEPH DEE MORRISSEY, A/K/A
 JOSEPH D. MORRISSEY


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Alfred D. Swersky, Judge Designate

Robert H. Anderson, III, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on briefs), for appellant.

Anthony F. Troy (Joseph D. Morrissey; Eckert Seamans Cherin &
Mellott, LLC; Morrissey & Goldman, LLC, on brief), for appellee.


Pursuant to Code § 19.2-398, the Commonwealth seeks to appeal the circuit court's order

of April 9, 2015, dismissing four indictments against appellee.  The Commonwealth claims that

the trial court erred in finding that the indictments breached the immunity provision of a plea

agreement previously entered into by the Commonwealth and appellee.  The Commonwealth

also argues that the trial court erred in finding that the indictments violated appellant's double

jeopardy rights.  For the reasons that follow, we conclude that we lack jurisdiction to review the

circuit court's dismissal of the indictments based on its interpretation of the immunity provision

of the plea agreement.  Because that conclusion forecloses our ability to grant the

Commonwealth the relief it seeks, we grant appellee's motion to dismiss the Commonwealth's

appeal and dismiss the case.

--------

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

On June 20, 2014, a Henrico County grand jury returned indictments against Joseph D. Morrissey ("appellee") charging him with four felonies and one misdemeanor arising out of a sexual relationship he had had with a seventeen-year-old female. On December 12, 2014, appellee entered an Alford plea[1] in Henrico County Circuit Court to one misdemeanor charge of contributing to the delinquency of a minor.[2] The twenty-one-page written plea agreement contained a summary of the evidence that both the Commonwealth and appellee would have introduced had the case gone to trial. With the concurrence of the circuit court and the Commonwealth, appellee also presented testimony from two witnesses and introduced as an exhibit a purported copy of a child support order from the Chesterfield County Juvenile and Domestic Relations District Court.

At the conclusion of the hearing, the court accepted appellee's plea and the terms of the agreement. The court noted that the plea was entered knowingly and voluntarily and found appellee guilty. The court sentenced appellee in accordance with the agreement, explaining also that the Commonwealth "agrees to withhold any other potential criminal charges against [appellee]." Specifically, the written agreement contained the following language, which the parties referred to in the trial court as an "immunity" provision:

> The Commonwealth's Attorney/Special Prosecutor further agrees to withhold any other potential criminal charges against the Defendant, such as conspiracy to suborn perjury, conspiracy to obstruct justice, etc.

---

[1] North Carolina v. Alford, 400 U.S. 25, 37-38 (1970) (acknowledging that a trial court can accept a guilty plea even if the defendant will agree only that the evidence is sufficient to convict him, but he will not admit his guilt). For practical purposes and on appeal, such a plea is treated the same as a guilty plea. Carroll v. Commonwealth, 54 Va. App. 730, 747, 682 S.E.2d 92, 100 (2009) (quoting State ex rel. Warren v. Schwarz, 579 N.W.2d 698, 706 (Wis. 1998)).

[2] The Commonwealth agreed to request that the circuit court *nolle prosequi* the remaining charges against appellee in exchange for his plea.

After the appellee was sentenced, the Commonwealth became aware that there might be issues with the evidence appellee had introduced at the plea hearing. Henrico County detectives conducted an investigation and discovered that the purported support order had never been entered by the Chesterfield County Juvenile and Domestic Relations District Court and believed that the document was actually a forgery. As a result of the investigation, a Henrico County grand jury returned four indictments against appellee charging: 1) perjury in violation of Code § 18.2-434; 2) uttering a public record in violation of Code § 18.2-168; 3) conspiracy to utter a forged public document in violation of Code §§ 18.2-22 and 18.2-168; and 4) inducing false testimony in violation of Code § 18.2-436.

Appellee filed a motion to dismiss the indictments, arguing that he could not be prosecuted for the offenses because, pursuant to the immunity provision in the plea agreement, the Commonwealth had agreed to "withhold" any charges of past criminal conduct, including past attempts to commit or suborn perjury. Appellee argues that the plea agreement was not effective until it was accepted by the circuit court at the conclusion of the hearing. Thus, according to appellee, any crimes committed before or during the hearing on the plea agreement necessarily occurred prior to the plea agreement becoming effective, and therefore, are past crimes that fall within the immunity provision.

Ultimately, the circuit court dismissed the indictments for two reasons.[3] First, the circuit court dismissed the indictments based on the terms of the immunity provision of the plea agreement, ruling that the offenses charged in the indictments "were past crimes and were covered by the . . . Plea Agreement provision." The circuit court added that it also was

---

[3] In its opening brief, the Commonwealth concedes that the circuit court dismissed the indictments for two reasons, noting that the judge "expressly based his order dismissing the indictments on *both* double jeopardy and contract grounds." (Emphasis added). At the oral argument, the Commonwealth further acknowledged that the circuit dismissed the indictments based on "two separate grounds."

dismissing the indictments because the "double jeopardy rights of Mr. Morrissey are implicated." The circuit court stated that it was making the double jeopardy ruling "because I honestly believe that this matter should, if it can be, heard, should be heard by the Court of Appeals . . . ."

The Commonwealth filed a notice of appeal to this Court. Appellee responded with a motion to dismiss for lack of jurisdiction, arguing that this Court lacks jurisdiction to review a circuit court's dismissal of indictments based on the interpretation of a plea agreement. This Court awarded the Commonwealth an appeal without ruling on the motion to dismiss, allowing the parties a full opportunity to brief and argue both the jurisdictional issue and the merits.[4]

ANALYSIS

Jurisdiction

"[T]he question of jurisdiction is one for the determination of the appellate court only. Before the merits of this case can be considered, [this Court] must determine whether it has jurisdiction." Comcast of Chesterfield County, Inc. v. Bd. of Supervisors, 277 Va. 293, 299, 672 S.E.2d 870, 872 (2009) (internal quotation marks and citations omitted). See also Kotara v. Kotara, 55 Va. App. 705, 707, 688 S.E.2d 908, 909 (2010); Woody v. Commonwealth, 53

---

[4] The Commonwealth suggests that the fact that this Court granted the petition for appeal in the face of appellee's motion to dismiss is a tacit rejection of appellee's jurisdictional argument. This view is mistaken. Prior to today, we have not ruled on the substance of the motion to dismiss. We often allow full briefing and argument on questions of jurisdiction. As we have noted in a different context,

> when questions of jurisdiction arise, a court has a duty to permit argument and to take the time required for such consideration as it might need. In these situations, a court's authority to hear and adjudicate the question of jurisdiction arises from the necessity of the case. Thus, the resolution of these questions [often] does not come until the parties have briefed and argued the issue before us . . . .

Kotara v. Kotara, 55 Va. App. 705, 709-10, 688 S.E.2d 908, 910 (2010) (internal quotation marks and citations omitted).

Va. App. 188, 193, 670 S.E.2d 39, 42 (2008). Determining whether a Virginia court has

jurisdiction over a case implicates both the Virginia Constitution and the statutes governing the

operation of the judicial system. As the Supreme Court of Virginia has observed,

> [t]he general powers of the judiciary in Virginia are conferred by
> Article VI, Section 1 of the Constitution of Virginia. This section
> by itself confers jurisdiction upon the Supreme Court of Virginia in
> certain matters and further states: "Subject to the foregoing
> limitations, the General Assembly shall have the power to
> determine the original and appellate jurisdiction of the courts of the
> Commonwealth." The concept of jurisdiction defines power.
> With regard to the Court of Appeals of Virginia . . . , the powers
> . . . are  . . . prescribed by statute.

Kelley v. Stamos, 285 Va. 68, 75, 737 S.E.2d 218, 221 (2013).

Article VI, Section 1 of the Virginia Constitution provides, in pertinent part, that "[t]he

General Assembly may allow the Commonwealth the right to appeal in all cases, including those

involving the life or liberty of a person, provided such appeal would not otherwise violate this

Constitution or the Constitution of the United States." Accordingly, we turn to the relevant

statutory provisions to determine whether we have jurisdiction in this matter.

The grant of jurisdiction for the Court of Appeals to hear appeals in criminal cases is

found in Code § 17.1-406. Regarding appeals by the Commonwealth, Code § 17.1-406 provides

that "[t]he Commonwealth may also petition the Court of Appeals for an appeal in a criminal

case pursuant to § 19.2-398."

In turn, Code § 19.2-398 grants the Commonwealth the right to appeal to this Court in a

limited number of circumstances. Pertinent here is Code § 19.2-398(A)(1), which provides that

the Commonwealth may appeal

> [a]n order of a circuit court dismissing a warrant, information or
> indictment, or any count or charge thereof on the ground that
> (i) the defendant was deprived of a speedy trial in violation of the
> provisions of the Sixth Amendment to the Constitution of the
> United States, Article I, Section 8 of the Constitution of Virginia,
> or § 19.2-243; or (ii) the defendant would be twice placed in

jeopardy in violation of the provisions of the Fifth Amendment to the Constitution of the United States or Article I, Section 8 of the Constitution of Virginia . . . .

Whether Code § 19.2-398(A)(1) enables us to reach the merits of the Commonwealth's appeal presents a question of statutory construction. When considering such questions, "our primary objective is 'to ascertain and give effect to legislative intent,' as expressed by the language used in the statute." Cuccinelli v. Rector & Visitors of the Univ. of Va., 283 Va. 420, 425, 722 S.E.2d 626, 629 (2012) (quoting Commonwealth v. Amerson, 281 Va. 414, 418, 706 S.E.2d 879, 882 (2011)) (further citation and internal quotation marks omitted). In doing so, we "give statutory language its plain meaning." Davenport v. Little-Bowser, 269 Va. 546, 555, 611 S.E.2d 366, 371 (2005) (citing Jackson v. Fid. & Deposit Co., 269 Va. 303, 313, 608 S.E.2d 901, 904 (2005)). Because the Commonwealth's statutory right to appeal is in derogation of the general prohibition against appeals by the Commonwealth, the statutory requirements "must be strictly construed against the state and limited in application to cases falling clearly within the language of the statute." Commonwealth v. Hawkins, 10 Va. App. 41, 44, 390 S.E.2d 3, 5 (1990) (citations omitted).

<u>The Commonwealth's Requested Relief and the Circuit Court's Ruling</u>

In its appeal, the Commonwealth requests that we vacate the circuit court's order dismissing the indictments "and that the case be remanded for trial on those charges." To afford the Commonwealth this relief, we must find that the circuit court erred in dismissing the indictments.

The circuit court based its dismissal of the indictments on two distinct grounds—the immunity provision of the plea agreement and appellee's double jeopardy rights. Assuming the circuit court's analysis is correct, either ground, independent of the other, would be sufficient to

support the dismissal of the indictments.[5]  Accordingly, to afford the Commonwealth the relief it seeks, we must have jurisdiction to consider both grounds *and* find that the circuit court erred regarding each.

Immunity Provision of the Plea Agreement

Code § 19.2-398(A)(1) specifies two instances in which the Commonwealth may appeal a circuit court's order dismissing indictments:  when the dismissal is predicated upon a finding that a defendant's speedy trial rights have been violated and when the dismissal is predicated upon a finding that the defendant's double jeopardy rights have been violated.  Notably absent from the types of cases that the Commonwealth may appeal is an order of a circuit court interpreting a plea or immunity agreement.

By its plain language, Code § 19.2-398(A)(1) simply does not permit us to review a circuit court's dismissal of indictments based on the interpretation of a plea or immunity agreement.  The grant of jurisdiction is limited to the issues specified in the statute and no others.  Hawkins, 10 Va. App. at 44, 390 S.E.2d at 5 (The Commonwealth's right to appeal is "limited in application to cases falling clearly within the language of the statute." (internal quotation marks and citations omitted)); Commonwealth v. Brown, 8 Va. App. 41, 43, 378 S.E.2d 623, 624 (1989) ("The constitutional and statutory authority for Commonwealth appeals is narrowly circumscribed.  It was not enacted to allow Commonwealth appeals from all allegedly erroneous

---

[5] Despite repeated references to the circuit court deciding the case on two distinct grounds, see *supra* 3 note, the Commonwealth asserts that the two grounds are sufficiently intertwined so as to render them one indivisible issue on appeal.  The Commonwealth advances this position by arguing that the double jeopardy issue cannot be resolved without first determining what is covered by the immunity provision of the plea agreement.  Even assuming this to be so, the reverse is clearly not true.  Interpreting the meaning of the immunity provision can be accomplished through consideration only of the "four-corners" of the agreement and other contract principles.  Because the interpretation of the immunity provision was not dependent on double jeopardy principles, the two grounds for the circuit court's dismissal of the indictments pose distinct appellate questions.

pre-trial rulings by the trial court. Even if the trial court's ruling was erroneous . . . [that does] not provide a basis for the exercise of this Court's appellate jurisdiction."); Commonwealth v. Ragland, 7 Va. App. 452, 453, 374 S.E.2d 183, 183 (1988) (holding that appeals by the Commonwealth are limited to the issues delineated in the statute). Accordingly, we conclude that we are without jurisdiction to review the circuit court's conclusion that the attempted prosecution violated the immunity provision of the plea agreement.[6]

That the circuit court's determination regarding the immunity provision of the plea agreement may have double jeopardy implications does not alter the analysis. In Commonwealth v. Rodgers, 21 Va. App. 745, 748, 467 S.E.2d 813, 815 (1996), we were asked to review a circuit court's suppression of certain evidence based upon the doctrine of collateral estoppel. Despite acknowledging that the circuit court's ruling had double jeopardy implications, we found that the circuit court's ruling on collateral estoppel was not reviewable because the statute did not expressly authorize review of evidence suppressed as a result of collateral estoppel. Id. Similarly, even if the circuit court's ruling has double jeopardy implications, our consideration of the circuit court's interpretation of the immunity provision is barred because the contractual basis for the circuit court's decision is not a dismissal based on double jeopardy.

That the circuit court stated its desire that "this matter . . . be heard by the Court of Appeals" is immaterial. As noted above, our jurisdiction to hear appeals by the Commonwealth in criminal cases is set by statute. That jurisdiction can be expanded only by statute; it cannot be expanded by the parties, by a lower court, by this Court, or even by the Supreme Court of

---

[6] Although supported by the plain language of the statute and our prior cases regarding appeals by the Commonwealth, our conclusion finds further support in the ancient canon of construction *expressio unius est exclusio alterius*, which "'provides that mention of a specific item in a statute implies that omitted items were not intended to be included within the scope of the statute.'" GEICO v. Hall, 260 Va. 349, 355, 533 S.E.2d 615, 617 (2000) (quoting Turner v. Wexler, 244 Va. 124, 127, 418 S.E.2d 886, 887 (1992)).

Virginia. Although the circuit court wished for this Court to review its conclusions regarding the effect of the immunity provision of the plea agreement, we simply lack the authority to do so.[7]

### Double Jeopardy

Turning to the circuit court's alternative holding, that constitutional protections against double jeopardy required dismissal of the indictments, it is clear that we have jurisdiction to review the ruling. As noted above, Code § 19.2-398(A)(1)(ii) provides that the Commonwealth may seek appellate review in such cases, and appellee concedes that we have such jurisdiction, noting that the statute "vests this Court with jurisdiction over the Trial Court's holding that the indictments violated Appellee's double jeopardy rights . . . ."

The existence of jurisdiction, however, does not mean that such jurisdiction should be exercised. As we have noted previously, "if a case can be decided on either of two grounds, one involving a constitutional question, the other a question of statutory construction or general law, the Court will decide *only* the latter." Bailey v. Commonwealth, 62 Va. App. 499, 505 n.1, 749 S.E.2d 544, 547 n.1 (2013) (emphasis added) (internal quotation marks and citations omitted).

Here, our determination that Code § 19.2-398 does not permit us to review the circuit court's ruling regarding the immunity provision resolves the case.[8] Our inability to consider the substance of that ruling leaves it in place, meaning that the indictments remain dismissed

---

[7] Having concluded that we are without jurisdiction to review the circuit court's ruling regarding the effect of the immunity provision of the plea agreement, we offer no opinion on whether the circuit court's ruling was correct on the merits. We note, however, that we do have jurisdiction to consider a circuit court's interpretation of agreements granting immunity from prosecution in appeals brought by defendants. We regularly exercise that jurisdiction. However, when the appeal is brought by the Commonwealth, Code § 17.1-406 limits our jurisdiction to the grounds specified in Code § 19.2-398.

[8] Although arguing that the issues were "inextricably intertwined," the Commonwealth tacitly conceded this point at oral argument, stating that "[i]t's equally clear that if the only basis for the lower court's dismissal was this essentially contractual notion that the plea agreement terms . . . prohibited the new indictments and prosecution on them . . . then [the Commonwealth] would be out of luck."

irrespective of what we might conclude regarding the circuit court's double jeopardy ruling. Because no ruling on the double jeopardy issue would allow us to grant the Commonwealth the relief it seeks, we decline, consistent with the doctrine of constitutional avoidance, to reach the issue.[9] Id.

CONCLUSION

For the reasons stated above, we conclude that we lack jurisdiction to review the circuit court's dismissal of the indictments based on its interpretation of the immunity provision of the plea agreement. Because that conclusion forecloses our ability to grant the Commonwealth the relief it seeks, we grant appellee's motion to dismiss the Commonwealth's appeal and dismiss the case.

Dismissed.

---

[9] Furthermore, because no ruling on the double jeopardy issue would allow us to grant the Commonwealth the relief it seeks, any such ruling would amount to nothing more than an advisory opinion that we are not empowered to issue. Charlottesville Area Fitness Club Operators Ass'n v. Albemarle County Bd. of Supervisors, 285 Va. 87, 100, 737 S.E.2d 1, 7 (2013) (Appellate courts "do not have the power to render a judgment that is only advisory." (citing Martin v. Ziherl, 269 Va. 35, 40, 607 S.E.2d 367, 369 (2005))).