COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Malveaux and White
Argued by videoconference

UNPUBLISHED

COMMONWEALTH OF VIRGINIA

v.      Record No. 0786-23-2

RARMIL MALICK COLEY PETTIFORD          MEMORANDUM OPINION* BY
                                        JUDGE MARY BENNETT MALVEAUX
COMMONWEALTH OF VIRGINIA                OCTOBER 24, 2023

v.      Record No. 0787-23-2[1]

RA'SHARD MARQUIS JACKSON

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Jacqueline S. McClenney, Judge

Lauren C. Campbell, Assistant Attorney General (Jason S. Miyares,
Attorney General, on briefs), for appellant.

Leonard McCall (McCall Law P.C., on brief), for appellee Rarmil
Malick Coley Pettiford.

(James A. Bullard, Jr.), for appellee Ra'Shard Marquis Jackson.

Pursuant to Code § 19.2-398, the Commonwealth appeals the pretrial ruling of the trial

court dismissing the charges against the appellees on statutory speedy trial grounds. We hold

that the trial court misinterpreted the plain language of Code § 19.2-409, and we reverse the

court's ruling and remand the case.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] This Court granted the Commonwealth's motion to consolidate these cases.
*Commonwealth v. Pettiford*, No. 0786-23-2 and *Commonwealth v. Jackson*, No. 0787-23-2
(Va. Ct. App. July 17, 2023) (order).

## I. BACKGROUND

The appellees and three other persons were charged with first-degree murder of a 15-year-old girl, in violation of Code § 18.2-32; attempted murder of a second individual, in violation of Code §§ 18.2-32 and -26; use of a firearm in committing both those offenses, in violation of Code § 18.2-53.1; discharging a firearm in a public place, in violation of Code § 18.2-280(A); and discharging a firearm in a motor vehicle, in violation of Code § 18.2-286.1. The trial court granted the Commonwealth's motion to try the five defendants jointly; however, for scheduling reasons, the case was split between the three defendants who did not waive their statutory rights to a speedy trial (Pettiford, Jackson, and Mitchell Hudson) and the two defendants who did waive their rights.

On February 24, 2023, the trial court granted Hudson's motion to suppress evidence police obtained by searching his cell phone. The court ruled that the evidence was inadmissible only against Hudson. Neither the parties nor the court moved to sever Hudson's case at that time.

Shortly before a hearing on February 28, 2023, the Commonwealth filed three separate notices of appeal of the trial court's suppression ruling for Hudson, Jackson, and Pettiford. At the hearing, the trial court denied the Commonwealth's motion to reconsider the suppression ruling. The Commonwealth then argued the case should be continued pending the Commonwealth's appeal of the suppression ruling, because the cases remained joined and the suppressed evidence "was necessary to prove the guilt or innocence" of all three defendants. The Commonwealth asserted that the statutory speedy trial period was tolled during the appeal. The appellees objected to continuing their cases, arguing that an appeal of a ruling suppressing evidence only with respect to Hudson's case did not apply to them. The court took the matter under advisement.

At the next hearing, on March 1, 2023, the Commonwealth argued that Code § 19.2-400 required the court to suspend the cases while the Commonwealth's appeals were pending. The appellees contended that the delay violated their statutory speedy trial rights. The court suspended the cases over the appellees' objections.

On April 25, 2023, this Court granted the Commonwealth's appeal in Hudson's case.[2] The Court dismissed the other two appeals, holding that they were "beyond the scope of Code § 19.2-398(A)(2) because the trial court did not prohibit the use of any evidence" in Pettiford's and Jackson's trial. The Court further stated that Code § 19.2-398 "contains no language permitting the Commonwealth to appeal a defendant's case merely to maintain joinder with a co-defendant with an appealable issue."

The appellees moved to dismiss their cases on statutory speedy trial grounds. Following a hearing on May 5, 2023, the trial court granted the motions.[3] The court found that the Commonwealth had appealed the suppression ruling in the appellees' cases to maintain joinder of their trial with Hudson. The court did not find that the Commonwealth had appealed to be "dilatory" or to "willfully misle[a]d the court," but that it had "merely acted in error, inadvertently." The court concluded that the Commonwealth's appeals had not been authorized

---

[2] *Commonwealth v. Hudson*, No. 0359-23-2 (Va. Ct. App. Apr. 25, 2023) (order). On July 18, 2023, a panel of this Court reversed the trial court's suppression ruling and remanded the case. *Commonwealth v. Hudson*, No. 0359-23-2 (Va. Ct. App. Jul. 18, 2023).

[3] At the same hearing, the trial court denied Pettiford's motion to vacate the March 1, 2023 suspension order as void ab initio. The court ruled that the order was not void because when it had been entered, the only issue the court could consider before suspending proceedings under Code § 19.2-400 was the timeliness of the notice of appeal and it had "no discretion . . . to examine the lawfulness of the appeal."

by Code § 19.2-398(A)(2) and thus Code § 19.2-409 did not apply to toll the statutory speedy trial period.[4] The Commonwealth now appeals that ruling.

## II. ANALYSIS

The Commonwealth argues that the trial court erred in granting the appellees' motions to dismiss after finding the plain language of Code § 19.2-409 did not apply to toll the statutory speedy trial period.

An appeal from a statutory speedy trial ruling "presents a mixed question of law and fact." *Brown v. Commonwealth*, 75 Va. App. 388, 404 (2022) (quoting *Young v. Commonwealth*, 297 Va. 443, 450 (2019)). In such a case, the reviewing court gives "deference to the trial court's findings of fact, but review[s] the trial court's 'statutory interpretations and legal conclusions de novo.'" *Wallace v. Commonwealth*, 65 Va. App. 80, 88 (2015) (quoting *Brown v. Commonwealth*, 57 Va. App. 381, 390 (2010)), *aff'd*, 292 Va. 1 (2016). "[T]he burden of demonstrating that a delay in commencing trial is excused under Code § 19.2-243 lies upon the Commonwealth." *Id.* (alteration in original) (quoting *Brown*, 57 Va. App. at 389).

An issue of statutory construction is subject to de novo review. *Meeks v. Commonwealth*, 274 Va. 798, 802 (2007). Under well-established principles, courts "look to the plain meaning of the words contained in a statute to determine the General Assembly's intent." *Banks v. Commonwealth*, 67 Va. App. 273, 282 (2017). "The plain, obvious, and rational meaning of a statute is to be preferred over any curious, narrow, or strained construction." *Id.* (quoting *Meeks*, 274 Va. at 802). "If the statute is clear on its face, [courts] rely on the plain words, and no interpretation is necessary." *Tanner v. Commonwealth*, 72 Va. App. 86, 99 (2020).

---

[4] The trial court determined that Pettiford's statutory speedy trial date expired on March 13, 2023 for some of the charges and on April 17, 2023 for the remaining charges, and Jackson's statutory speedy trial date expired on April 26, 2023.

The language of Code § 19.2-409 is not ambiguous.  The statute clearly states that speedy trial provisions "shall not apply to the period of time commencing when the Commonwealth's notice of pretrial appeal is filed pursuant to this chapter [Chapter 25 of Title 19] and ending 60 days after the Court of Appeals or Supreme Court issues its mandate disposing of the pretrial appeal."[5]  Accordingly, based on the plain language of the statute, the appellees' speedy trial period was tolled from February 28, 2023, when the Commonwealth noted its appeals of the trial court's suppression ruling, until 60 days after April 25, 2023, the date on which this Court dismissed the appeals in the appellees' cases.

In finding a speedy trial violation, the trial court misinterpreted the phrase "filed pursuant to this chapter" in Code § 19.2-409.  *Black's* defines "pursuant to" as acting "[i]n compliance with; in accordance with" or "[a]s authorized by; under."  *Pursuant to*, *Black's Law Dictionary* (11th ed. 2019).  Code § 19.2-398—like Code § 19.2-409, a portion of Chapter 25 of Title 19 of the Code—sets forth the parameters under which the Commonwealth may appeal a pretrial ruling.  The Commonwealth's notices of appeal for the appellees complied with the statute by referencing the Fourth Amendment and certifying that the appeals were not taken to delay the trial, and by stating that the suppressed evidence was "substantial proof of a fact material" to the case.  Thus, the notices met the initial procedural requirements and were filed "pursuant to" Chapter 25.

---

[5] Similarly, Code § 19.2-243, which applies generally to statutory speedy trial cases, states in pertinent part that "the time during the pendency of *any* appeal in *any* appellate court shall not be included as applying to the provisions of this section."  (Emphasis added).  "Read naturally, the word 'any' [in a statute] has an expansive meaning, that is, 'one or some indiscriminately of whatever kind.'"  *United States v. Gonzales*, 520 U.S. 1, 5 (1997) (quoting *Webster's Third New International Dictionary* 97 (1976)); *see also King v. Commonwealth*, 53 Va. App. 257, 263 (2009) (quoting *Cox v. Cox*, 16 Va. App. 146, 148 (1993)) (similarly defining "any").

This Court considered a separate, substantive question when it determined that the specific issue being appealed was "outside the scope" of Code § 19.2-398.[6] *See generally Commonwealth v. Thomas*, 23 Va. App. 598 (1996) (holding that whether suppressed evidence was "essential to the prosecution" of the case, as the Commonwealth certified in its notice of appeal, was not a jurisdictional element that was reviewable on appeal). This Court's conclusion that the issue raised was "outside the scope" does not preclude tolling of the speedy trial period under Code § 19.2-409. Once an appeal is noted, the speedy trial period is tolled under Code § 19.2-409 until this Court issues a mandate disposing of the appeal. The ordinary meaning of "dispose" is to "settle a matter finally or definitively." *Dispose*, *Webster's Third New International Dictionary* (1993). Thus, this Court "disposes" of an appeal when it affirms, reverses, or dismisses the appeal for any reason.

Statutes should never be construed in a way that leads to absurd results. *See Banks*, 67 Va. App. at 286-87. Related statutes should be "read and construed together in order to give full meaning, force, and effect to each" and "to give, when possible, consistent meaning to the language used by the General Assembly." *Washington v. Commonwealth*, 272 Va. 449, 455 (2006). Code § 19.2-400 states: "Upon the filing of a timely notice of appeal, the order from which the pretrial appeal is taken and further trial proceedings in the circuit court, except for a

---

[6] *Compare Commonwealth v. Hawkins*, 10 Va. App. 41, 44 (1990) (holding that whether the trial court erred in finding that a suggestive identification procedure had violated the defendant's due process rights was not appealable by the Commonwealth under Code § 19.2-398(2)), *and Commonwealth v. Rogers*, 21 Va. App. 745, 748 (1996) (holding that Code § 19.2-398(2) did not authorize the Commonwealth to appeal the trial court's ruling on a motion to suppress that was based on collateral estoppel), *with Commonwealth v. Spinola*, No. 0535-15-4 (Va. Ct. App. Sept. 8, 2015) (dismissing the appeal because the Commonwealth's petition was not timely filed), *and Commonwealth v. DuBois*, No. 0944-15-4 (Va. Ct. App. Nov. 10, 2015) (dismissing the appeal because the Commonwealth's notice of appeal was fatally deficient). *See also* Rule 5A:1(f) (providing that unpublished opinions are not binding authority but may be cited as informative).

bail hearing, shall thereby be suspended pending disposition of the appeal." Here, the trial court suspended the trial pursuant to Code § 19.2-400 after the Commonwealth filed its notices of appeal of the court's suppression ruling. The court subsequently noted that it could only determine whether the notice of appeal was timely filed and that "[a]ny questions regarding the legality of the appeal must be then addressed by the Court of Appeals." Suspending a case during the pendency of an appeal is consistent with tolling the speedy trial period. But then allowing a trial court to determine, after an appeal has been dismissed, that there has been no tolling disregards the plain language of the statutory scheme and leads to an absurd result. Accordingly, the trial court's speedy trial ruling must be reversed.[7]

## III. CONCLUSION

For the foregoing reasons, we reverse the ruling of the trial court and remand the cases for further proceedings consistent with this opinion.

*Reversed and remanded.*

---

[7] The appellees contend that reversing the court's ruling will allow the Commonwealth to delay a defendant's trial by challenging "any and all unfavorable pretrial rulings regardless of those expressly listed in the statute." The trial court expressly found that the Commonwealth had not appealed to delay the trial. We assume the appellees' assertion to be speculative, but note the impropriety of prosecutors appealing issues clearly outside the scope of Code § 19.2-398 merely to delay a trial.