COURT OF APPEALS OF VIRGINIA


Present: Judges Kelsey, Petty and Senior Judge Clements
Argued at Alexandria, Virginia


GARY M. KOTARA

                                                                    OPINION BY
v.        Record No. 0290-09-4                          JUDGE WILLIAM G. PETTY
                                                                    FEBRUARY 23, 2010
KATHLEEN M. KOTARA


UPON A REHEARING

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jane Marum Roush, Judge

            (James Ray Cottrell; John K. Cottrell; Cottrell, Fletcher, Schinstock,
            Bartol & Cottrell, P.C., on brief), for appellant.

            (Dorothy M. Isaacs; Surovell, Markle, Isaacs & Levy, PLC, on
            brief), for appellee.


        Husband, Gary M. Kotara, appealed an order of the Circuit Court of Fairfax County denying

his motion to terminate that court's jurisdiction over modification of spousal support to his wife.

We determined that we did not have jurisdiction to reach the substantive issues husband raised

because the order he appealed from was neither a final order of the trial court nor an appealable

interlocutory order. Kotara v. Kotara, No. 0290-09-4 (Va. Ct. App. Nov. 3, 2009). Accordingly,

we dismissed his appeal. We also entered an award of attorney's fees in favor of wife, Kathleen M.

Kotara, for fees incurred in the defense of the appeal. Husband petitioned for panel rehearing on the

issue of the propriety of the attorney's fees award. We granted his petition, stayed the mandate, and

ordered the parties to brief the following question: "What, if any, authority does this Court have to

award attorney's fees when it has determined that it does not have subject matter jurisdiction over

this appeal?"

For the reasons that follow, we conclude that this Court has the authority to award attorney's fees in cases over which we do not have subject matter jurisdiction.

This Court is a court of limited jurisdiction, de Haan v. de Haan, 54 Va. App. 428, 436, 680 S.E.2d 297, 301 (2009), and, of course, we must have subject matter jurisdiction over a case before considering its merits, Comcast of Chesterfield County, Inc. v. Bd. of Supers., 277 Va. 293, 299, 672 S.E.2d 870, 872 (2009). We possess subject matter jurisdiction over only those classes of cases specified by statute. Canova Elec. Contracting, Inc. v. LMI Ins. Co., 22 Va. App. 595, 599, 471 S.E.2d 827, 829 (1996). These cases include domestic relations matters by virtue of Code § 17.1-405(3), which allows an appeal of right to this Court from "[a]ny final judgment, order, or decree of a circuit court involving . . . divorce" and "[a]ny interlocutory decree or order entered in any of the cases listed in this section [including divorce] (i) granting, dissolving, or denying an injunction or (ii) adjudicating the principles of a cause."

Husband argues that "the absence of jurisdiction over the appeal necessarily means that [this Court] does not have jurisdiction to award attorneys [sic] fees absent the express statutory authority to do so." Appellant's Supplemental Br. at 1. In support of his argument, husband relies upon Fairfax County Dep't of Human Dev. v. Donald, 251 Va. 227, 467 S.E.2d 803 (1996).

Husband's reliance on Donald is, however, misplaced. Donald involved a petition alleging that Donald's children were subject to abuse or neglect that originated in the juvenile and domestic relations district court, and was appealed for a *de novo* trial in the circuit court, pursuant to Code §§ 16.1-132, -136, and -296. Id. at 229, 467 S.E.2d at 804. The County, however, failed to appeal the district court's decision in a timely manner, and the circuit court dismissed the County's appeal. In the same order, the circuit court denied Donald's request for attorney's fees. Id. at 228, 467 S.E.2d at 804. Donald appealed, and this Court remanded the

case to the circuit court "for determination of reasonable attorney fees to be fixed together with costs." Donald v. Fairfax County Dep't of Human Dev., 20 Va. App. 155, 162, 455 S.E.2d 740, 744 (1995) (en banc). Our Supreme Court reversed that decision, and held that the circuit court had no authority to award attorney's fees in that case. Donald, 251 Va. at 228-29, 467 S.E.2d at 804.

Our Supreme Court's decision was based on its reading of the statutes governing procedure in the district courts. According to Code § 16.1-296, the circuit court has "all the powers and authority granted by Chapter 11 to the district courts" in cases that originate in the district court and are later appealed for a *de novo* trial in the circuit court. Thus, our Supreme Court reasoned, the circuit court had the same authority to award attorney's fees in cases that originated in the district court as the district court had. However, Code § 16.1-278.19 limits that authority to cases that are "properly before the court." Donald, 251 Va. at 229, 467 S.E.2d at 804. Accordingly, our Supreme Court held that because the *de novo* appeal was not filed in a timely manner, the case was not "properly before" the circuit court and the circuit court therefore did not have authority to award attorney's fees. Id. at 229-30, 467 S.E.2d at 804.

Unlike Donald, this case involved a divorce and an award of spousal support under Title 20 of the Code. The General Assembly has empowered courts to award attorney's fees and costs in divorce cases. See Tyszenko v. Donatelli, 53 Va. App. 209, 222, 670 S.E.2d 49, 56 (2008). Code § 20-99(5) states that "[c]osts may be awarded to either party as equity and justice may require." As used in this statute, the term "costs" includes attorney's fees. Tyszenko, 53 Va. App. at 222, 670 S.E.2d at 56. Finally, this express grant of authority to award attorney's fees does not contain the language the Court relied upon in deciding Donald, which limits the district court's authority to award fees to cases "properly before the court."

We see no reason why the authority of this Court to award attorney's fees should be limited to those cases over which we have subject matter jurisdiction under Code § 17.1-405. We are frequently called upon to determine whether a case has, in fact, been appealed from a final order or an appealable interlocutory order, and thus determine whether we have jurisdiction over a particular appeal. We are able to do so because "a court has jurisdiction to determine its own jurisdiction." United States v. United Mine Workers, 330 U.S. 258, 292 n.57 (1947). And, when questions of jurisdiction arise, a court has a "duty to permit argument and to take the time required for such consideration as it might need." Id. at 291. In these situations, a court's authority to hear and adjudicate the question of jurisdiction arises "from the necessity of the case." Id. at 292. Thus, the resolution of these questions does not come until the parties have briefed and argued the issue before us, often causing an appellee to incur significant attorney's fees as a result of an appellant's imprudent decision to appeal a case prematurely.

When the husband filed his notice of appeal, we acquired personal jurisdiction over the parties. Woody v. Commonwealth, 53 Va. App. 188, 196, 670 S.E.2d 39, 43 (2008). And, this Court, by necessity, had subject matter jurisdiction to determine whether the order from which husband appealed was a final order or an appealable interlocutory order. As a result, we had the authority to enter orders relating to the disposition of the case—including, according to Code § 20-99(5)—the authority to enter an award of attorney's fees in a divorce case pending before us.

Because this Court has jurisdiction to determine its own jurisdiction, and Code § 20-99(5) empowers courts in which divorce cases are pending to award attorney's fees "as equity and justice may require," we hold that we had the authority to enter an award of attorney's fees in this case.

- 4 -

Accordingly, the original panel decision is reinstated and we remand the case to the trial court for a determination of the amount to be awarded to wife for the attorney's fees she incurred in connection with this appeal.

<u>Remanded.</u>