COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Chief Judge Huff, Judges Petty and Beales
Argued at Richmond, Virginia


JUDY KAY REAVES

v.        Record No. 1546-16-2

JAMES KELLY TUCKER

OPINION BY
JUDGE WILLIAM G. PETTY
JUNE 13, 2017


FROM THE CIRCUIT COURT OF KING AND QUEEN COUNTY
Jeffrey W. Shaw, Judge

Brandy M. Poss (DeFazio Bal, P.C., on brief), for appellant.

Monique W. Donner (Breckenridge Ingles; Martin Ingles &
Hensley, Ltd., on brief), for appellee.


In this appeal, we conclude that the trial court was not required to stay the scheduled trial

when one of the parties filed a notice of appeal to this Court in an attempt to appeal an

interlocutory order that was not subject to appeal. We also conclude that the trial court's

enforcement of the pretrial scheduling order and the pretrial conference order was not an abuse

of its discretion. We therefore affirm the trial court's decisions.

I. BACKGROUND

Judy Kay Reaves (wife) and James Kelly Tucker (husband) were married in 2009. The

couple separated in 2014. In December of that year, husband filed a complaint seeking

determination of his temporary support obligation, but not divorce. Wife counter-claimed for

divorce.

A pretrial conference was held on June 29, 2015, when both parties were represented by

counsel. To memorialize the stipulations and agreements made by the parties at the pretrial

conference, the trial court entered two orders on August 24, 2015. A pretrial conference order

(conference order) established, among other things, the stipulations and burdens of proof regarding equitable distribution and spousal support. The pretrial scheduling order (scheduling order) established a trial date of March 17, 2016. It required wife to submit to husband by October 27, 2015, appraisals of any property owned by husband prior to the marriage that wife contended had increased in value during the marriage. Husband was required to submit to wife by January 10, 2016, appraisals of any property for which husband contested the appraisal submitted by wife. The scheduling order required both parties to file with the trial court fifteen days prior to trial a list of exhibits and proposed witnesses. It warned, "Any exhibit or witness not so identified and filed will not be received in evidence, except in rebuttal or for impeachment . . . ." Additionally, the scheduling order provided, "Absent leave of court, any motion *in limine* which requires argument exceeding five minutes shall be duly noticed and heard before the day of trial." Finally, it established, "Continuances will only be granted by the court for good cause shown." Neither party objected to either order.

On January 8, 2016, the trial court granted wife's counsel's request to withdraw. On February 25, 2016, the trial court denied wife's request for a continuance. Wife, acting *pro se*,[1] filed a notice of appeal on March 7, 2016, seeking review by this Court of the trial court's order denying her request for a continuance. Wife did not request this Court to stay the proceedings in the trial court pending resolution of her appeal. This Court dismissed the appeal without prejudice on March 22, 2016, because the appeal "ha[d] been filed prematurely as it was not a final dispositive order entered in that case."[2] On March 17, 2016, which was the date set by the scheduling order for trial, the trial court denied wife's request to stay the trial on the basis of the

---

[1] Wife is represented in this appeal by new counsel.

[2] Wife does not assign error in this appeal to the trial court's February 25, 2016 decision denying her motion for continuance.

pending appeal and denied her new motion for a continuance. The trial court granted husband's request to prohibit wife from calling witnesses or introducing exhibits that had not been disclosed pursuant to the deadline imposed by the scheduling order. Although husband had disclosed his list prior to the deadline, wife had made no disclosure. The trial court ruled, however, that wife herself could testify and that she could present witnesses or exhibits in rebuttal to or impeachment of husband's evidence.

Wife's assignments of error essentially flow from the trial court's enforcement of the conference order and the scheduling order.

## II. ANALYSIS

### A. WIFE'S MOTION TO STAY TRIAL PENDING HER INTERLOCUTORY APPEAL

Wife argues that the trial court erred by denying her motion to stay, which she made at the March 17, 2016 trial.[3] Her assignment of error states,

> At the time of the March 17, 2016 hearing, an appeal was pending in the Court of Appeals of Virginia regarding Wife's appeal of the trial court's February 25, 2016 Order. Accordingly, the Court of Appeals of Virginia had jurisdiction over the parties and the subject matter of the suit. The trial court did not have jurisdiction on March 17, 2016 to hear any evidence or make any decisions regarding the parties' divorce matter.

We first note that wife concedes that this Court lacked subject matter jurisdiction to address the merits of her appeal from the February 25, 2016 order. Wife nevertheless argues that the mere filing of the notice of appeal transferred jurisdiction over the case to this Court, and divested the trial court of jurisdiction to proceed until this Court dismissed the appeal. Simply

---

[3] The record does not show that wife expressly asked the trial court for a stay on the basis that she had filed a notice of appeal to this Court. Wife's argument before the trial court did not distinguish between her request for a stay and her request for a continuance. Nevertheless, the trial court treated her argument as both a motion for stay on the basis the trial court had lost jurisdiction to proceed, which we address here, and a motion for continuance, which we address *infra* at II.B.1.

put, the issue before us is whether a trial court must stay all proceedings in a case when a party files a notice of appeal regarding an interlocutory order over which this Court lacks subject matter jurisdiction.

A challenge to a trial court's jurisdiction is a question of law that is reviewed *de novo* on appeal. Mayer v. Corso-Mayer, 62 Va. App. 713, 724-25, 753 S.E.2d 263, 268 (2014).

It is well-established that "[t]he orderly administration of justice demands that when an appellate court acquires jurisdiction over the parties involved in litigation and *the subject matter of their controversy*, the jurisdiction of the trial court from which the appeal was taken must cease." Greene v. Greene, 223 Va. 210, 212, 288 S.E.2d 447, 448 (1982) (emphasis added). "When a party files a notice of appeal, that notice 'effectively transfers jurisdiction from the lower court to the appellate court and places the named parties within the jurisdiction of the appellate court.'" McCoy v. McCoy, 55 Va. App. 524, 528, 687 S.E.2d 82, 84 (2010) (quoting Watkins v. Fairfax Cty. Dep't of Family Servs., 42 Va. App. 760, 771, 595 S.E.2d 19, 25 (2004)).

However, "the Court of Appeals of Virginia is a court of limited jurisdiction. Unless a statute confers jurisdiction to this Court, we are without power to review an appeal."[4] Prizzia v. Prizzia, 45 Va. App. 280, 286, 610 S.E.2d 326, 329 (2005) (quoting Canova Elec. Contracting,

---

[4]

As pertinent to the case before us, the provisions of Code § 17.1-405 grant subject matter jurisdiction to the Court of Appeals over "[a]ny final . . . decree of a circuit court involving . . . [a]ffirmance or annulment of a marriage; . . . divorce; [and] any interlocutory decree . . . entered in [such] cases . . . adjudicating the principles of a cause." Code §§ 17.1-405(3)(a), (b) and -405(4)(ii).

Lewis v. Lewis, 271 Va. 520, 525, 628 S.E.2d 314, 317 (2006) (alterations in original).

- 4 -

Inc. v. LMI Ins. Co., 22 Va. App. 595, 599, 471 S.E.2d 827, 829 (1996)). "While a court always has jurisdiction to determine whether it has subject matter jurisdiction, a judgment on the merits made without subject matter jurisdiction is null and void." Porter v. Commonwealth, 276 Va. 203, 228, 661 S.E.2d 415, 427 (2008) (quoting Morrison v. Bestler, 239 Va. 166, 170, 387 S.E.2d 753, 755-56 (1990)). Consequently, a notice of appeal cannot transfer to this Court jurisdiction over the subject matter of a case if that subject matter is not within this Court's limited jurisdiction.[5]

Here, wife appealed to this Court on March 7, 2016, the trial court's February 25, 2016 order denying her motion for a continuance. This Court had jurisdiction to determine whether the appeal fell within its subject matter jurisdiction. When this Court determined that the appeal did not, we dismissed the appeal on March 22, 2016, because the appeal "ha[d] been filed prematurely as it was not a final dispositive order entered in that case." Contrary to wife's argument, this Court never acquired jurisdiction over the case because the order being appealed did not fall within this Court's subject matter jurisdiction.

Wife's reliance on Kotara v. Kotara, 55 Va. App. 705, 710, 688 S.E.2d 908, 910 (2010), for her argument that this Court gained jurisdiction over the litigation is misplaced. In Kotara, this Court held that although we never acquired subject matter jurisdiction to hear the appeal, we

_____

[5] In contrast, when this Court *does* have subject matter jurisdiction over an appeal, "the appellate court acquires jurisdiction over that case to the exclusion of the trial court, except to the extent the trial court must act to enforce the order pending appeal." Holden v. Holden, 35 Va. App. 315, 327, 544 S.E.2d 884, 889 (2001); see Walton v. Commonwealth, 256 Va. 85, 95, 501 S.E.2d 134, 140 (1998) (refusing to consider a purported "nunc pro tunc sentencing order" signed by the trial court after defendant filed a notice of appeal "because the trial court was divested of jurisdiction once the defendant filed his notices of appeal"); McCoy, 55 Va. App. at 528, 687 S.E.2d at 84 (addressing the merits of the appeal and concluding "the trial court did not have jurisdiction to vacate that order once [appellant] noted his appeal to this Court"); Frazer v. Frazer, 23 Va. App. 358, 380, 477 S.E.2d 290, 300 (1996) (addressing appeal of a final order on the merits and concluding "the trial court had no jurisdiction to modify the child support award without leave from this Court" once the notice of appeal was filed).

nonetheless had personal jurisdiction over the parties for purposes of awarding attorney's fees pursuant to Code § 20-99(5). Id. This Court concluded that "an appellant's imprudent decision to appeal a case prematurely" could cause "an appellee to incur significant attorney's fees" and that "equity and justice" permits this Court to award attorney's fees even when we have no subject matter jurisdiction to hear the appeal. Id. Kotara did not suggest that this Court gained jurisdiction over the litigation at issue, nor that the trial court lost jurisdiction.

Here, because jurisdiction to address the merits of the appeal was never transferred to this Court, the trial court never lost jurisdiction to adjudicate this case. Because wife did not request this Court to stay the proceedings in the trial court during the appeal, the trial court did not abuse its discretion by proceeding with the trial as scheduled.

As a practical matter, when a notice of appeal of an interlocutory order is filed, the trial court proceeds at its own risk. As with any appeal, if this Court reverses the trial court's decision and remands the case back to the trial court, then any decision by the trial court subsequent to the order being appealed that is in conflict with the resolution of the appeal by this Court will have no force and effect. See McCoy, 55 Va. App. at 527, 687 S.E.2d at 83 (treating trial court's action to be of no effect where trial court purportedly vacated an order while that order was being appealed to this Court). If the trial court has doubt whether the appellate court will reverse its interlocutory order, "it may decline to act further until the purported appellee obtains dismissal of the appeal in the court of appeals." Ruby v. Sec'y of U. S. Navy, 365 F.2d 385, 389 (9th Cir. 1966) (en banc); see de Haan v. de Haan, 54 Va. App. 428, 444, 680 S.E.2d 297, 306 (2009) (noting trial court stayed the proceedings while this Court reviewed the interlocutory appeal and determined what qualified as "principle of a cause"). In such a situation, a stay may promote judicial efficiency in the administration of the litigation. In contrast, "[w]here the deficiency in a notice of appeal, by reason of untimeliness, lack of essential recitals, or reference

to a nonappealable order, is clear to the [trial] court, it may [exercise its discretion] . . . and proceed with the case, knowing that it has not been deprived of jurisdiction." Ruby, 365 F.2d at 389.

Here, the trial court reasoned that judicial efficiency would be served best by proceeding with the case. The trial court noted,

> As to the appeal to the Court of Appeals, it's not for me to determine whether or not you can appeal the order of denying the continuance. It's up to the Court of Appeals to determine what their jurisdiction is and what appeals they may hear. However, from my point of view I don't believe that this would count as an authorized interlocutory appeal. For that reason, I'm going to deny any request to stay the hearing set on today's date.

Because the trial court retained jurisdiction over the case, it had the discretion to decide whether to stay the trial pending the appeal or to proceed with the trial. Having weighed the potential judicial inefficiency of staying the trial with the potential judicial inefficiency of proceeding with the trial, the trial court did not abuse its discretion when it chose to proceed.

In summary, the trial court was not required to stay its proceedings while wife attempted to appeal a nonappealable interlocutory order. To conclude otherwise would "deliver into the hands of each litigant the ability to freeze matters in the [trial] court simply by filing a notice of appeal, no matter how frivolous." Gucci Am. v. Gold Ctr. Jewelry, 997 F. Supp. 399, 402 (S.D.N.Y. 1998), reversed in part on other grounds, 158 F.3d 631 (1998).

Our conclusion is consistent with other jurisdictions that have addressed this issue. See, e.g., In re Grand Jury Proceedings, 795 F.2d 226, 231 (1st Cir. 1986) ("While the filing of a notice of appeal divests the district court of its control over those aspects of the case involved in the appeal, an untimely, impermissible or frivolous appeal does not vest jurisdiction in the court of appeals." (internal citation and quotation marks omitted)); Yaeger v. Vance, 513 P.2d 688, 690 (Ariz. Ct. App. 1973) ("Since the order attempted to be appealed from was not appealable,

the trial court did not err by continuing with its jurisdiction . . . ."); Illinois v. Benda, 464 N.E.2d 1268, 1271 (Ill. App. Ct. 2d Dist. 1984) (adopting the reasoning of "[s]everal Federal appellate court opinions [that] have concluded that an appeal from a nonappealable order does not deprive the trial court of jurisdiction"); Breuer v. Flynn, 496 A.2d 695, 700 (Md. Ct. Spec. App. 1985) ("[Where] nonappealable interlocutory orders were appealed to [appellate] court, the [trial] court was not divested of its jurisdiction to proceed with the trial of the case and resolve the issues before it."); Montana ex rel. Adamson v. District Court, 279 P.2d 691, 694 (Mont. 1955) (reasoning that where there is no statutory support for the filing of a notice of appeal, "the lower court and its judge did not thereby lose jurisdiction. Nor thereby did [the appellate c]ourt acquire jurisdiction."); New Mexico v. Lobato, 134 P.3d 122, 129 (N.M. Ct. App. 2006) ("Where a non[appealable] order is improperly appealed, the trial court is not divested of jurisdiction."); Dalenko v. Peden Gen. Contrs., Inc., 676 S.E.2d 625, 630 (N.C. Ct. App. 2009) ("[A] trial court is not divested of its jurisdiction to determine a case on its merits where the litigant appeals a non-appealable interlocutory order. In such instances, the trial court is not required to stay the proceedings . . . ." (citation omitted)).

Our conclusion also comports with the General Assembly's policy limiting interlocutory appeals. Requiring a trial court to stay action every time an interlocutory order is appealed

> would permit divorce litigants to appeal each order of the trial court adjudicating the divorce, custody, equitable distribution, child support, or spousal support. The resulting inefficiency would compel this Court to repeatedly entertain the same suit and significantly delay the progress of the case at the trial level as the case halted pending the appeal. . . . We do not believe the General Assembly intended these consequences.

de Haan, 54 Va. App. at 443, 680 S.E.2d at 305 (footnote omitted); see also United States v. Mala, 7 F.3d 1058, 1061 (1st Cir. 1993) ("Were the rule otherwise, a litigant bent on vexation could temporarily divest a trial court of jurisdiction at whim."); Misquez v. Baca (In re Byrnes),

54 P.3d 996, 1008 (N.M. Ct. App. 2002) ("An appeal from a manifestly non[appealable] order cannot divest a court of jurisdiction. Otherwise, a litigant could temporarily deprive a court of jurisdiction at any and every critical juncture." (internal citations and quotation marks omitted)).

We conclude the trial court did not abuse its discretion when it denied wife's request to stay the proceedings.

### B. COMPLIANCE WITH THE PRETRIAL SCHEDULING ORDER

Code § 8.01-4 provides, in relevant part, that trial courts "may prescribe certain docket control procedures which shall not abridge the substantive rights of the parties nor deprive any party the opportunity to present its position as to the merits of a case solely due to the unfamiliarity of counsel of record with any such docket control procedures." One such docket control procedure is expressly created in Rule 1:18, which provides for the entry of a pretrial scheduling order in civil cases. In order for Rule 1:18 scheduling orders to facilitate the orderly administration of cases, however, they must be enforced by the trial courts. "There is little point in issuing such orders if they amount to nothing more than a juristic bluff, obeyed faithfully by conscientious litigants, but ignored at will by those willing to run the risk of unpredictable enforcement." Rahnema v. Rahnema, 47 Va. App. 645, 658, 626 S.E.2d 448, 455 (2006). "The impartial, consistent enforcement of scheduling orders provides systemic benefits to litigants and trial courts alike." Id.; see also In re Graphics Processing Units Antitrust Litig., 540 F. Supp. 2d 1085, 1090 (N.D. Cal. 2007) ("Once the Court has entered a scheduling order, the liberal policy favoring amendments no longer applies . . . [and] any modification must be based on a showing of good cause.").

Here, the docket control procedures used by the trial court included a Rule 1:18 scheduling order and its related conference order. Wife was represented by counsel at the time the two orders were entered. There is no indication in the record that wife's counsel of record

was unfamiliar with the pretrial conference procedures. See Code § 8.01-4. Moreover, wife did not object to the orders when they were entered. Nevertheless, wife assigns multiple errors to the trial court's enforcement of the scheduling and conference orders.

### 1. Wife's Motions for More Time

Wife argues that the trial court abused its discretion by denying wife's motion to extend the pretrial deadlines and by denying wife's motion for a continuance on the day of trial. We disagree.

The rule in Virginia governing continuances is well-settled. "The decision to grant a motion for a continuance is within the sound discretion of the circuit court and must be considered in view of the circumstances unique to each case." Haugen v. Shenandoah Valley Dep't of Soc. Servs., 274 Va. 27, 34, 645 S.E.2d 261, 265 (2007). "The circuit court's ruling on a motion for a continuance will be rejected on appeal only upon a showing of abuse of discretion *and* resulting prejudice to the movant." Id. at 34, 645 S.E.2d at 265. The burden is on the party seeking a continuance to show that it is likely that the extension of time will resolve the problem on which the party based its request for the continuance. Chichester v. Commonwealth, 248 Va. 311, 322, 448 S.E.2d 638, 646 (1994).

Here, wife contends the trial court erred in denying her October 23, 2015 motion to extend the October 27, 2015 deadline set by the scheduling order for providing husband with appraisals of certain contested property items. At a November 20, 2015 hearing on the motion, where both parties were represented by counsel, wife cited health issues and difficulty in raising funds for the appraisers as the good cause for the extension. Husband objected to the extension, arguing he would be prejudiced by delay. Husband noted that wife had not yet hired the appraisers and, with the holiday season, the appraisals would likely not be done by the proposed extended deadline. Husband further noted that the proposed extended deadline would give him

- 10 -

little time to review wife's submitted appraisals before the settlement conference, which had already been scheduled for December 21, 2015. The trial court denied wife's motion. The court reasoned that wife testified she had "no reasonable prospect for getting the funds in order" to hire appraisers by the proposed extended deadline. The trial court explained that it might have granted the motion to extend the deadline if wife had testified that the appraisals had been started or that she had secured the funds to hire the appraisers.

We find no abuse of discretion in the trial court's conclusion that wife's arguments for the extension did not amount to "good cause shown" as required by the scheduling order. Wife suggests that because the trial court did not use the term "good cause" in its denial of her motion, it did not evaluate her request based on that standard. However, "good cause" simply means "the burden placed on a litigant (usu[ally] by court rule or order) to show why a request should be granted or an action excused." Good Cause, Black's Law Dictionary (10th ed. 2014). The scheduling order placed the burden on wife to show why her requested extension should be granted. Wife failed to show that the requested extension would likely enable her to obtain the appraisals; she accordingly failed to meet her burden. See Chichester, 248 Va. at 322, 448 S.E.2d at 646. The deadline for submission of wife's appraisals was connected to the deadline for husband to submit his own appraisals in response, to the scheduled settlement conference, to the deadline for exchanging lists of exhibits and witnesses, and to the scheduled trial. The trial court considered the request for extension in view of the unique circumstances of the case, including the effect an extension would have on other scheduled parts of the litigation. See Haugen, 274 Va. at 33, 645 S.E.2d at 264; see also Umana-Barrera v. Commonwealth, No. 141122, 2015 Va. Unpub. LEXIS 15, at *21 (Va. Aug. 21, 2015) (Kelsey, J. concurring) ("[N]eutral procedural rules allow courts to set limits and mark off boundaries without regard to which side stands to gain or lose. . . . When courts apply procedural rules dispassionately and

neutrally to every litigant . . . everyone else knows exactly what is expected of them and, hopefully, will rise to the occasion."). The trial court did not err in enforcing the deadlines in the scheduling order, thereby keeping the litigation on track.

Wife additionally argues the trial court abused its discretion by denying her request for a continuance on the day of trial. Wife had already requested a continuance, which was denied by the trial court on February 25, 2016. Then, during her opening statement at the March 17, 2016 trial, wife, appearing *pro se*, again requested a continuance. She stated that she had filed a bar complaint against husband's counsel, had filed an appeal of the February 25, 2016 order with this Court, was appearing without counsel because she was indigent, and was under doctor's orders not to "go through two days of a trial of this nature." In summary, wife said, "it would be fruitless to hear anything today because I'm not—like I say, with the case of this magnitude I should be represented by an attorney." After explaining her difficulties in finding an attorney, wife said, "So therefore, we're wasting time today. We're not prepared. So it's going to be [defense counsel's] courtroom today, you know, if you go forward because I don't have any documents or any of the evidence that I need." The trial court denied wife's motion to continue, reasoning, "The pretrial scheduling order, which set today's hearing date, was entered by the [c]ourt in August of 2015. So the deadline and what had to be done by today's date has been in writing for more than six months."

We find no abuse of the trial court's discretion. Wife was aware more than six months earlier that the scheduling order had set the trial for March 17, 2016. The scheduling order stated, "Continuances will only be granted by the court for good cause shown." Wife failed to show the court why there was good cause for a continuance on March 17 even though there had not been good cause on February 25. Although wife argued that she should be represented in a "case of this magnitude," her lack of representation was not a new circumstance. Her prior

attorney had withdrawn by court order entered January 8, 2016; wife elected to appear *pro se* on March 17, 2016. Wife admitted she was unprepared for trial and had not brought the documents or witnesses she needed. Wife did not argue to the court the length of continuance she was requesting, nor did she give the court assurance that after the continuance she would be better prepared to argue her case. The trial court's impartial, consistent enforcement of terms agreed to by the parties in the scheduling order facilitated the efficient resolution of the case. See Rahnema, 47 Va. App. at 658, 626 S.E.2d at 455. It was not error for the trial court to proceed with the trial on the day it was scheduled.

## 2. Enforcement of the Disclosure Deadline

Wife argues that the trial court erred in granting husband's "Motion *in Limine*," which asked the trial court to uphold the scheduling order by denying wife permission to present any witnesses or exhibits that had not been disclosed prior to trial.[6] Wife contends that, as a result of granting husband's motion, the "trial court erred by prohibiting Wife from calling any witnesses to testify on her behalf and from introducing any exhibits on her behalf except in rebuttal or impeachment." We disagree.

"Decisions regarding the admissibility of evidence 'lie within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of discretion.'" Michels v.

---

[6] The record is not clear that wife specifically objected to the motion on the day of trial. Wife's response to husband's motion was to reiterate that she desired a continuance, which had already been denied, that she thought she should have an attorney, and that she was "making note of this because [she was] sure [she would] be getting a copy of the court reporter's notes to be able to pass on to the Virginia Court of Appeals because [she did]n't have knowledge of this." Nonetheless, the trial court expressly ruled on the motion in its final divorce decree. Additionally, wife filed a post-trial motion to set aside the trial court's ruling on husband's motion *in limine*, and to thereby vacate the final decree. Wife assigns error both to the trial court's grant of husband's motion *in limine* and to the trial court's denial of her post-trial motion to set aside the granting of that motion. We assume for the purposes of analysis that wife sufficiently preserved her argument for appeal.

Commonwealth, 47 Va. App. 461, 465, 624 S.E.2d 675, 678 (2006) (quoting Breeden v. Commonwealth, 43 Va. App. 169, 184, 596 S.E.2d 563, 570 (2004)).

On the day of trial, husband offered a "Motion *in Limine*"[7] which requested the court to enforce the language in the scheduling order, which stated, "Any exhibit or witness not so identified and filed [fifteen days before trial] will not be received in evidence, except in rebuttal or for impeachment . . . ." Contrary to wife's contention, the trial court did not prohibit wife from calling witnesses or introducing exhibits. Wife was free to present all exhibits and witnesses that she had properly identified to husband prior to trial pursuant to the scheduling order. Husband timely sent to wife his list of exhibits and witnesses; wife sent no list of exhibits and witnesses to husband. Moreover, wife stated she had none to present. Before husband's motion was offered to the trial court, wife declared that she was not prepared and she "d[id]n't have any documents or any of the evidence that [she] need[ed]." Although both the scheduling order and the express ruling on husband's motion *in limine* preserved wife's ability to present rebuttal evidence and witnesses, she chose not to do so. Simply put, the record does not show, nor does wife argue, that the court prohibited her from calling any particular witness nor from introducing any particular exhibit. There was little reason for the trial court to enter the scheduling order if it was nothing more than a juristic bluff, obeyed faithfully by husband who filed his list of exhibits and witnesses by the deadline, but ignored by wife, who did not. See

_____

[7] Although wife correctly points out that Rule 4:15 requires reasonable notice of motions filed with the court, and reasonable notice is typically considered to be seven days, the scheduling order specifically provided for motions *in limine*. The scheduling order specified, "Absent leave of court, any motion *in limine* which requires argument exceeding five minutes shall be duly noticed and heard before the day of trial." Husband's motion took less than five minutes to argue and therefore was properly before the court on the day of trial. Wife, who was represented by counsel when the scheduling order was entered, did not object to the motion *in limine* provision.

Rahnema, 47 Va. App. at 658, 626 S.E.2d at 455. The trial court did not abuse its discretion by granting husband's request that the provisions of the scheduling order be enforced.

## C. WIFE'S OTHER ASSIGNMENTS OF ERROR

Wife's other assignments of error[8] flow from the arguments addressed above. Wife argues the trial court erred in its conclusions because the "court improperly prevented Wife from developing and presenting the evidence she needed to meet her burden" and "erred in failing to stay or continue the March 2016 trial."[9] Wife argues that, as a result, the trial court erred in making, or declining to make, findings of fact regarding items of property and spousal support.

As discussed above, the trial court did not err when it denied wife's motion to stay and motion to continue the case. Likewise, the trial court did not err in limiting the admission of evidence in accordance with the scheduling order. Although the conference order stated the issues for which wife bore the burden to prove the relevant facts, she chose to present no evidence regarding the marital portion of the contested assets, to present no evidence regarding the value of the marital assets,[10] and to present no documentary evidence of her income and

---

[8] Wife argues that the trial court erred in "finding [certain] items were Husband's separate property and not subject to equitable distribution, and . . . by failing to equitably divide [and] distribute the [] items"; "by finding it had insufficient evidence to determine if [certain] items were subject to equitable distribution and by failing to equitably divide [and] distribute the [] items of property"; and "in denying Wife's request for an award of spousal support."

[9] Wife also mentions in her argument that the trial court quashed her subpoena for husband's financial records. Since wife did not appeal that action by the trial court, we do not consider it here.

[10] For those items which were classified in the conference order as marital, and for which husband failed to meet his burden to show they were separate, the trial court concluded "no evidence was presented as to the value of any of those items and the [c]ourt has insufficient evidence to determine if they are subject to equitable distribution." Wife argues the trial court erred in failing to "equitably divide [and] distribute these items." Pursuant to Code § 20-107.3(B), wife was "deemed to have rights and interests in the marital property." These interests, however, did not attach to the title but were "only to be used as a consideration in determining a monetary award, if any." Id. "[T]he burden is always on the parties to present

- 15 -

expenses as required to support her claim of spousal support. Wife chose not to present evidence in rebuttal to the evidence presented by husband at trial, even though permitted by the trial court to do so. On appeal, wife cannot now argue that her decision to present no evidence was the basis of trial court error.

Finally, wife argues the trial court erred in denying her request for attorney's fees. "In Virginia, '[a]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Coe v. Coe, 66 Va. App. 457, 477, 788 S.E.2d 261, 271 (2016) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)). Here we find no abuse of the trial court's discretion in deciding not to award attorney's fees to wife.

---

sufficient evidence to provide the basis on which a proper determination can be made, and the trial court in order to comply . . . must have the evidence before it . . . to grant or deny a monetary award." Bowers v. Bowers, 4 Va. App. 610, 617, 359 S.E.2d 546, 550 (1987) (alterations in original) (quoting Hodges v. Hodges, 2 Va. App. 508, 517, 347 S.E.2d 134, 139 (1986)).

> In order for the court to make a monetary award, the marital property which is the subject of such award must have value. When marital property has no value or no value above the amount of a bona fide lien, the court has no authority to make a monetary award based on that property. The determination of such value must be based upon proper evidence in the record, and such determination must go beyond mere guesswork. Although the statute requires the trial court to make findings of the classification of the property and the value thereof, the court has no duty to independently determine such value. The law in Virginia is well settled that the burden of proof is always on the parties to present sufficient evidence to provide the factual basis for the determination of such issues by the trial court.

Peter N. Swisher, Lawrence D. Diehl, & James R. Cottrell, Family Law: Theory, Practice, and Forms § 11:3 (footnotes omitted) (2017 ed.). Because wife did not present evidence by which the trial court could determine the value of the marital property, the trial court did not err in declining to determine a monetary award.

## III. CONCLUSION

The trial court did not err in refusing to stay wife's appeal on the basis that she had filed a notice of appeal with this Court of a nonappealable interlocutory order. The trial court never lost jurisdiction of the case and had the discretion to proceed with the trial. The trial court did not err in upholding its scheduling order by denying the motion for a continuance in the absence of good cause shown. Moreover, the trial court did not err in enforcing the deadlines agreed to by the parties in the scheduling order and in upholding the consequences of failure to meet those deadlines. We deny wife's request for attorney's fees related to this appeal.

Affirmed.