COURT OF APPEALS OF VIRGINIA

Present: Judges Athey, Causey and Callins
Argued at Winchester Virginia

UNPUBLISHED

ERNEST BRANT, ET AL.

v.      Record No. 0863-23-4

SONDRA J. SCHNEIDER

MEMORANDUM OPINION[*] BY
JUDGE DORIS HENDERSON CAUSEY
MAY 28, 2024

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
John M. Tran, Judge

Robert L. Vaughn, Jr. (Vaughn Law Firm PLC, on brief), for
appellants.

Sondra J. Schneider, *pro se*.[1]

Ernest and Jocelyn Brant appeal the trial court's judgment denying their application under

Rule 1:1A for attorney fees incurred defending an appeal in the Supreme Court of Virginia. They

argue that the court erroneously interpreted the rule and misunderstood the case's posture. Finding

no reversible error, we affirm.

BACKGROUND

In June 2020, Schneider filed a warrant-in-debt in the Fairfax County General District Court

against her landlords, the Brants, for breach of the rental agreement. She sought $380 for alleged

overpayment of rent and $8,900 for the "diminution of rental property" due to certain claimed

defects. She also requested miscellaneous damages based on her claim that the "ice maker and oven

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Sondra Schneider filed an untimely appellee's brief and an untimely motion for an extension of time to file her brief. Rule 5A:19(b)(2), (b)(4). However, the Brants had "no opposition and no objection to the court taking into consideration [Schneider's] arguments." Therefore, we will consider her brief and argument. Rule 5A:26.

did not work well." The general district court entered judgment for the Brants, and Schneider appealed to the circuit court.

In the circuit court, the Brants demurred and moved for sanctions based on Schneider's "filing [of] a meritless and harassing appeal" and "multiple and baseless Warrants in Debt and Motions to Rehear." The Brants noticed a hearing on their demurrer, but the circuit court continued the hearing to November 12, 2021, at Schneider's request. Schneider did not appear at the November 12, 2021 hearing. Accordingly, the court sustained the Brants' demurrer, dismissed the case with prejudice, and awarded the Brants $11,550 in attorney fees as a sanction against Schneider.

Schneider appealed to this Court, and we affirmed the trial court's judgment. *Schneider v. Brant*, No. 0396-22-4, slip op. at 1 (Va. Ct. App. Oct. 4, 2022).[2] Schneider then petitioned the Supreme Court for an appeal. The Brants moved the Supreme Court to dismiss the petition and sanction Schneider under Code § 8.01-271.1. They argued that Schneider's petition was "without merit" and lacked assignments of error, a statement of facts, and legal argument.[3] They also contended that the petition did not address actions taken by this Court, as required by Rule 5:17(c); instead, it asked the Supreme Court to "consider new facts and law not previously briefed by the parties." The Brants maintained that Schneider's petition was not well-grounded in fact or law and was filed to harass them and needlessly increase litigation costs. Accordingly, they asked the Supreme Court to award them $50,000 in sanctions to stymie Schneider's harassment or remand the

---

[2] The Brants moved under Rule 1:1A for the trial court to award them attorney fees incurred in defending the appeal to this Court. The trial court granted the application and awarded the Brants $11,014.50. Schneider did not appeal that final judgment. *See* Rule 1:1A(a) (providing that an order granting or refusing fees under the rule "is a final order").

[3] Schneider's petition for appeal is not part of the record in this case.

matter to the trial court to determine the sanctions amount. The Supreme Court granted the Brants' motion to dismiss but denied their motion for sanctions.

The Brants then moved the trial court for an award of attorney fees incurred in defending the appeal to the Supreme Court under "Code § 8.01-271.1 and Rule 1:1A." Their motion largely restated the arguments asserted in their motion for sanctions filed in the Supreme Court—that Schneider's petition was meritless, intended to harass them, did not comply with Rule 5:17(c), and improperly asked the Supreme Court to "consider new facts and law not previously briefed by the parties." Schneider countered that the Supreme Court had rejected their arguments when refusing to impose any sanctions.

After a hearing,[4] the trial court denied the Brants' motion. The court held that Rule 1:1A does not confer on "a prevailing party an independent cause of action" to recover attorney fees. Instead, it grants a circuit court limited jurisdiction to consider whether to award appellate attorney fees and costs incurred in defending an appeal if the prevailing party received fees in the circuit court under "a contract, statute, or other applicable law." The court concluded that because the Brants received fees as a sanction in the trial court under Code § 8.01-271.1, any added fees must also be justified as a sanction under the statute. The Supreme Court, however, denied the Brants' motion for sanctions related to Schneider's petition for appeal. Thus, the circuit court concluded that it could not grant the Brants' application.[5]

The Brants moved the trial court to reconsider its ruling. They argued that Rule 1:1A contains "no predicates for the award of fees beyond recovery of the same in the trial court." They also contended that their request for attorney fees was not part of their motion for sanctions filed in

---

[4] The record does not contain a transcript of the hearing.

[5] Notwithstanding its holding, the circuit court noted that if it was not bound by the Supreme Court's holding, it would award the Brants some of their fees because Schneider's appeal was frivolous and sanctionable.

the Supreme Court. The trial court denied the motion to reconsider. It reiterated its interpretation of Rule 1:1A and found that it was bound under res judicata because the Supreme Court "directly addressed [the Brants'] request for sanctions that include[d] fees." The court concluded that it could not grant the Brants' motion without contravening the Supreme Court's "binding decision."

On appeal, the Brants argue that the trial court erroneously interpreted Rule 1:1A as requiring Schneider's appeal to the Supreme Court to be independently sanctionable before it could award attorney fees incurred in resisting that appeal. They also contend that the Supreme Court's denial of their motion for sanctions did not bar their recovery of attorney fees under Rule 1:1A.

ANALYSIS

Circuit courts retain "limited, concurrent jurisdiction during the pendency of [an] appeal" to award appellate attorney fees under specific circumstances. Rule 1:1B(a)(3)(H). If an appellee obtains a "favorable" "final appellate judgment" after previously recovering "attorney fees, costs or both in the circuit court [under] a contract, statute or other applicable law," he "may make application in the circuit court . . . for attorney fees, costs or both incurred on appeal." Rule 1:1A(a). "The circuit court's order granting or refusing the application, in whole or in part, is a final order for purposes of Rule 1:1." *Id.* Our review of the trial court's interpretation of Rule 1:1A "presents a question of law that we review de novo." *Green v. Commonwealth*, 78 Va. App. 670, 682 (2023) (quoting *LaCava v. Commonwealth*, 283 Va. 465, 470 (2012)).

I. Rule 1:1A is not a mandatory appellate fee-shifting provision.

The Brants argue that Rule 1:1A contains only one predicate that must be satisfied before an appellee who obtains a favorable appellate judgment can receive appellate attorney fees—the appellee must have been awarded fees in the circuit court. They insist that once that predicate is satisfied, a prevailing appellee is "entitled" to appellate attorney fees. Any other interpretation of Rule 1:1A, in their view, would "diminish if not entirely negate" the initial attorney fee award

- 4 -

through the cost of defending an appeal. In essence, they contend that Rule 1:1A provides an independent and "separate cause of action" for attorney fees to a prevailing appellee. Thus, the Brants contend that regardless of whether Schneider's petition for appeal to the Supreme Court was independently sanctionable under Code § 8.01-271.1, they were only required to show that they had received an award of attorney fees in the circuit court. We disagree.

"[G]enerally, absent a specific contractual or statutory provision to the contrary, attorney[] fees are not recoverable by a prevailing litigant from the losing litigant." *Bolton v. McKinney*, 299 Va. 550, 554 (2021) (quoting *REVI, LLC v. Chicago Title Ins. Co.*, 290 Va. 203, 213 (2015)). Any other standard would "stifl[e] legitimate litigation by the threat of the specter of burdensome expenses being imposed on an unsuccessful party." *Id.* (quoting *Tonti v. Akbari*, 262 Va. 681, 685 (2001)). Additionally, a grant of "authority for awarding costs and attorney[] fees is in derogation of common law, and therefore, subject to strict interpretation." *Chacey v. Garvey*, 291 Va. 1, 10 (2015) (citing *Lansdowne Dev. Co., LLC v. Xerox Realty Corp.*, 257 Va. 392, 403 (1999)).

"The Code of Virginia contains more than 200 instances" in which a prevailing litigant may recover attorney fees in derogation of the common law. *Id.* For example, Code § 55.1-1915(A) provides that "the prevailing party" in an action to enforce compliance with condominium instruments "*shall be entitled* to recover reasonable attorney fees." (Emphasis added). The unequivocal language in that statute "makes an award of reasonable attorney[] fees to the prevailing party mandatory." *Lambert v. Sea Oats Condo. Ass'n, Inc.*, 293 Va. 245, 254 (2017). By contrast, statutes with permissive and discretionary language make attorney fee awards "discretionary." *Id.* (citing Code § 64.2-795 (providing that a court "*may* award costs and expenses, including reasonable attorney[] fees" (emphasis added))).

Consistent with those principles, we hold that Rule 1:1A permits, but does not mandate, a prevailing appellee's recovery of appellate attorney fees, costs, or both. Unlike Code

§ 55.1-1915(A), the rule does not expressly mandate such an award. Nor does the rule furnish an independent basis or cause of action that entitles a prevailing litigant to recover attorney fees. Rather, the rule provides a procedural mechanism that grants circuit courts "limited, concurrent jurisdiction during the pendency of [an] appeal" to award a prevailing appellee appellate attorney fees. Rule 1:1B(a)(3)(H). To that end, an application under Rule 1:1A "may be made in the same case from which the appeal was taken," relieving the appellee of the burden of filing "a separate suit or action." *Id.*

Even so, a prevailing appellee who invokes that procedural mechanism must demonstrate an independent basis for recovery of appellate attorney fees. Rule 1:1A(a). For example, in a fee-shifting contractual provision, *see, e.g.*, *Mills v. Mills*, 77 Va. App. 543, 569-70 (2023) (contractual right to "any and all" attorney fees incurred in enforcing the agreement), or because the appeal itself was independently sanctionable, *see* Code § 8.01-271.1. After considering the appellee's application, including the alleged basis for the attorney fee request, the trial court may then "grant[] or refus[e] the application" in its discretion. Rule 1:1A(a). Thus, we reject the Brants' argument that Rule 1:1A amounts to a mandatory fee-shifting provision that entitles them to attorney fees simply because they received attorney fees in the circuit court and prevailed on appeal. Any other interpretation would stifle appellate litigation over legitimate issues simply because a circuit court awarded attorney fees on other, discrete issues at trial. *Bolton*, 299 Va. at 554.

II. The Supreme Court's decision not to sanction Schneider bound the circuit court.

The Brants argue that the circuit court erred by concluding that it could not award them appellate attorney fees given the Supreme Court's denial of their motion for sanctions. They contend that the court's ruling erroneously applied the doctrine of res judicata. We need not consider the res judicata doctrine's role here, though, because other well-established appellate principles required the circuit court to deny the Brants' application under Rule 1:1A. *See Rickman*

*v. Commonwealth*, 294 Va. 531, 542 (2017) (recognizing the "right-result-*different*-reason" doctrine as permitting an appellate court to affirm a lower court's judgment without expressing a "view on the correctness of the lower court's rationale").

Generally, when a trial court has concurrent jurisdiction to act despite a pending appeal, the trial "court proceeds at its own risk." *Reaves v. Tucker*, 67 Va. App. 719, 729 (2017). Any trial court order that "conflict[s] with the resolution of the appeal . . . will have no force and effect." *Id.* (citing *McCoy v. McCoy*, 55 Va. App. 524, 528 (2010)). Similarly, under the "mandate rule" and the "law of the case" doctrine, an appellate court judgment "forecloses relitigation" in the trial court "of issues expressly or impliedly decided by the appellate court." *Powell v. Commonwealth*, 267 Va. 107, 128 (2004) (quoting *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993)).

In their application under Rule 1:1A, the Brants asserted that they were entitled to appellate attorney fees for the same reasons they asked the Supreme Court to sanction Schneider under Code § 8.01-271.1—to prevent further harassing litigation. Specifically, the Brants asserted that Schneider's petition was the latest in a series of harassing and meritless filings, did not comply with Rule 5:17(c), and improperly asked the Supreme Court to "consider new facts and law not previously briefed by the parties." In essence, the Brants asked the circuit court to award them appellate attorney fees under "Code § 8.01-271.1 and Rule 1:1A" because Schneider's appeal was independently sanctionable.

Consequently, the Supreme Court denied the Brants' motion for sanctions against Schneider for those exact reasons. Although the Supreme Court dismissed Schneider's appeal by order without issuing a distinct mandate, application of the above principles remains the same because the Supreme Court issued a final appellate judgment, and the circuit court could not issue an order that conflicts with that judgment. Thus, the circuit court was bound by the Supreme Court's explicit decision and was foreclosed from relitigating whether the petition for appeal was sanctionable in the

Brants' Rule 1:1A application. As the Brants' application included no other basis for appellate attorney fees, the trial court appropriately refused the application.

CONCLUSION

Rule 1:1A does not provide an independent or separate cause of action for a prevailing appellee to recover appellate attorney fees. Rather, it is a procedural mechanism that permits a circuit court to issue such an award when an independent basis—such as "a contract, statute or other applicable law"—entitles the prevailing appellee to attorney fees under Rule 1:1A(a). When the basis for an attorney fee application under Rule 1:1A is that the appeal was sanctionable under Code § 8.01-271.1, but the appellate court declined to sanction the appellant for the appeal, the parties may not relitigate that issue in the trial court. Thus, the Brants have shown no reversible error.[6]

*Affirmed.*

---

[6] Given our holding, we decline the Brants' request that we remand this case for the circuit court to impose "additional attorney fees and costs incurred in prosecuting the subject appeal, pursuant to Rule 1:1A and . . . Code § 8.01-271.1."