UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges Raphael, Lorish and Frucci


JINGJING ZHENG, ET AL.

                                                    MEMORANDUM OPINION*
v.       Record No. 0265-24-4                             PER CURIAM
                                                    SEPTEMBER 2, 2025

CCRM NORTHERN VIRGINIA, LLC[1]


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                            Dontaè L. Bugg, Judge

         (Jingjing Zheng; Zhongan Wang, on briefs), *pro se*.

         (Robert F. Donnelly; Brian B. Vieth; Byron J. Mitchell; Frances A.
         Miller; Goodman Allen Donnelly, PLLC; Mitchell & Simopoulos,
         PLLC, on brief), for appellee.


         The Circuit Court of Fairfax County granted CCRM Northern Virginia LLC's ("CCRM")

motion to dismiss Jingjing Zheng and Zhongan Wang's amended complaint pursuant to Code

§ 8.01-20.1[2]  Zheng and Wang argue that the circuit court erred in (1) "ignoring the plaintiff's

---

        * This opinion is not designated for publication.  *See* Code § 17.1-413(A).

        [1] We grant appellee's motion to amend the caption as "Jingjing Zheng and Zhongan
Wang v. CCRM Northern Virginia, LLC" rather than "Jingjing Zheng and Zhongan Wang v.
CCRM Fertility Northern Virginia."

        [2] Although Code § 8.01-20.1 was amended on July 1, 2025, we use the version of the
statute at the time the lawsuit was initiated, which provided:

              [I]n a medical malpractice action, at the time the plaintiff requests
              service of process upon a defendant . . . shall be deemed a
              certification that the plaintiff has obtained from an expert witness
              . . . a written opinion signed by the expert witness that, based upon
              a reasonable understanding of the facts, the defendant . . . deviated
              from the applicable standard of care and the deviation was a
              proximate cause of the injuries claimed."

pleadings and evidence," (2) "switching the selected type to another case type and making a judgment," and (3) "changing the court procedures by cancelling the scheduled trial." For the following reasons, we find that Zheng and Wang have waived their assignments of error, and we affirm the circuit court's rulings.[3]

## BACKGROUND

On August 31, 2021, Zheng began *in vitro* fertilization (IVF) treatment with CCRM. In February 2021, as a part of her treatment, Zheng had her eggs retrieved by CCRM for intracytoplasmic sperm injection. Around a week later, Zheng received an egg retrieval summary from CCRM stating that none of the eggs fertilized. In May 2022, Zheng decided to go through another round of IVF treatment with CCRM, which was also unsuccessful.

After the second failed cycle of IVF treatment, Zheng and Wang, *pro se*, sued CCRM for: (1) stealing Zheng's "organs," (2) committing fertility fraud, (3) breaching the parties' agreement, and (4) mischarging Zheng. CCRM then filed a demurrer to Zheng and Wang's fraud claims and a plea in bar to the breach of contract claim. After hearings on the motions, the demurrer was sustained without prejudice and the plea in bar was denied. Following, Zheng and Wang filed an amended complaint.

CCRM then filed a demurrer to the amended complaint, along with a motion to dismiss for failure to comply with Code § 8.01-20.1. On January 26, 2024, at the hearing on the motion to dismiss, the circuit court determined that Zheng and Wang had filed claims of medical malpractice

---

[3] Having examined the briefs and record in this case, the panel unanimously agrees that oral argument is unnecessary because "the appeal is wholly without merit." *See* Code § 17.1-403(ii)(a); Rule 5A:27(a).

rather than claims of intentional torts.[4]  Accordingly, the circuit court dismissed the case with prejudice for failure to comply with Code § 8.01-20.1.  Zheng and Wang appeal.

ANALYSIS

On appeal, Zheng and Wang argue that the circuit court erred in (1) "ignoring the plaintiff's pleadings and evidence," (2) "switching the selected type to another case type and making a judgment," and (3) "changing the court procedures by cancelling the scheduled trial."

I.  Waiver Pursuant to Rule 5A:8(b)(4)(ii)

As an initial matter, CCRM notes that the transcript from the January 26, 2024 hearing was not made a part of the record and, therefore, argues that Zheng and Wang have waived their arguments on appeal.  "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered."  Rule 5A:8(b)(4)(ii).  "If . . . the transcript is indispensable to the determination of the case, then the requirements for making the transcript a part of the record on appeal must be strictly adhered to."  *Veldhuis v. Abboushi*, 77 Va. App. 599, 606-07 (2023) (alteration in original) (quoting *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012)).  Here, we hold that the transcript is indispensable to resolving assignments of error one and three.

On appeal, we presume the circuit court's judgment is correct.  *Bay*, 60 Va. App. at 528. Zheng and Wang bear the burden "to present to us a sufficient record from which we can determine whether the trial court has erred" as they allege.  *Mintbrook Devs., LLC v. Groundscapes, LLC*, 76 Va. App. 279, 285 n.2 (2022) (quoting *Bay*, 60 Va. App. at 528). "[C]onsistent with the language of Rule 5A:8(b)(4)(ii), for any assignments of error for which the

---

[4] Although we do not have the transcript from the hearing, we can infer from the motions filed and the circuit court's order that it determined Zheng and Wang had filed claims of medical malpractice rather than claims of intentional torts.

arguments below are 'contained within the untimely-filed transcript' and for which the subject transcript is 'indispensable to the determination of th[e] issue[s],' those assignments of error are 'waived on appeal.'" *Browning v. Browning*, 68 Va. App. 19, 30 (2017) (second and third alterations in original) (quoting *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009)).

"An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief . . . . We may act only upon facts contained in the record." *Smith v. Commonwealth*, 16 Va. App. 630, 635 (1993) (quoting *Justis v. Young*, 202 Va. 631, 632 (1961)). Thus, "[w]hen the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii). "Whether the record is sufficiently complete to permit our review on appeal is a question of law." *Bay*, 60 Va. App. at 529 (quoting *Turner v. Commonwealth*, 2 Va. App. 96, 99 (1986)).

It is clear that the January 26, 2024 hearing transcript is indispensable to these assignments of error. Zheng and Wang argue that the circuit court ignored their pleadings and evidence. However, without the transcript, we cannot know with certainty the arguments made, the evidence presented, or whether the circuit court addressed the arguments and evidence at the hearing. *See Browning*, 68 Va. App. at 30. Further, Zheng and Wang take issue with the circuit court's lack of reasoning in its decision-making; another issue we cannot resolve without the transcript. The final order reflected a very short ruling, relying on the "reasons set forth in the motions, memorandum in support, *and oral argument*," (emphasis added), all in a one-page order with no reference to any findings or specific reasoning as to the ruling.

Therefore, we find that Zheng and Wang have waived assignments of error one and three pursuant to Rule 5A:8(b)(4)(ii) and affirm the judgment of the circuit court.

II. Waiver Pursuant to Rule 5A:20(e)

With regard to the remaining assignment of error, assignment number two, Zheng and Wang argue that the circuit court erred in determining that the claims pleaded were medical malpractice claims, instead of intentional torts, which was their selected case type.[5]

"Rule 5A:20(e) requires that an appellant's opening brief contain [the standard of review,] '[t]he principles of law, the argument, and the authorities relating to each question presented.'" *Bartley v. Commonwealth*, 67 Va. App. 740, 744 (2017) (second alteration in original) (quoting *Jones v. Commonwealth*, 51 Va. App. 730, 734 (2008)). "Unsupported assertions of error 'do not merit appellate consideration.'" *Id.* (quoting *Jones*, 51 Va. App. at 734). As we have repeatedly held

> [a] court of review is entitled to have the issues clearly defined and to be cited pertinent authority. The appellate court is not a depository in which the appellant may dump the burden of argument and research. To ignore such a rule by addressing the case on the merits would require this court to be an advocate for, as well as the judge of the correctness of, [appellant's] position on the issues he raises. On the other hand, strict compliance with the rules permits a reviewing court to ascertain the integrity of the parties' assertions which is essential to an accurate determination of the issues raised on appeal.

*Id.* (alterations in original) (quoting *Jones*, 51 Va. App. at 734-35). "Furthermore, 'when a party's failure to strictly adhere to the requirements of Rule 5A:20(e) is significant,' this Court may treat the question as waived." *Id.* (quoting *Parks v. Parks*, 52 Va. App. 663, 664 (2008)).

First, Zheng and Wang fail to include the standard of review in which this Court is to review the circuit court's alleged error. Second, Zheng and Wang do not provide any case law supporting their interpretation of the statutes that the circuit court is allegedly in violation of. Throughout their

---

[5] When filling out the "Cover Sheet for Filing Civil Actions" (Va. Sup. Ct. Form CC-1216), Zheng and Wang checked the box for "Intentional Tort" rather than "Medical Malpractice."

brief, Zheng and Wang contend that the actions of the circuit court "can violate" the said statute, without providing authority as to how the court's action was in violation.

"At the risk of stating the obvious, the Rules of the Supreme Court are rules and not suggestions; we expect litigants before this Court to abide by them." *Bartley*, 67 Va. App. at 746 (quoting *Eaton v. Wash. Cnty. Dep't of Soc. Servs.*, 66 Va. App. 317, 332 n.1 (2016)). Instead of presenting legal authority supporting their contention that the circuit court erred, Zheng and Wang's brief simply lists code sections (both state and federal), their interpretation of what the code sections mean, and their conclusions that the circuit court's actions violated said statutes. "If [Zheng and Wang] believed that the trial court erred, Rule 5A:20(e) required [them] 'to present that error to us with legal authority to support [their] contention.'" *Id.* (quoting *Fadness v. Fadness*, 52 Va. App. 833, 851 (2008)). Indeed, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Id.* (alteration in original).

Here, Zheng and Wang's arguments are skeletal at best, and they provide no case law in support of their position. As we have previously stated, we will not "research or construct" Zheng and Wang's case for them. *Id.* Our "[n]eutral procedural rules allow courts to set limits and mark off boundaries without regard to which side stands to gain or lose. . . . When courts apply procedural rules dispassionately and neutrally to every litigant . . . everyone else knows exactly what is expected of them and, hopefully, will rise to the occasion." *Browning*, 68 Va. App. at 31 (second and third alterations in original) (quoting *Reaves v. Tucker*, 67 Va. App. 719, 734 (2017)). Furthermore, a litigant appearing *pro se* "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." *Townes v. Commonwealth*, 234 Va. 307, 319 (1987). "Relaxing the procedural rules for *pro se* litigants would have the anomalous effect of disfavoring

litigants represented by counsel, an intolerable consequence for a judicial system devoted to neutrality to all and favoritism to none." *Brazell v. Fairfax Cnty. Dep't of Fam. Servs.*, No. 1347-06-4, slip op. at 11-12 (Va. Ct. App. Aug. 12, 2008).

Zheng and Wang's failure to provide the standard of review and legal argument and authority, as required by Rule 5A:20(e), "leaves us without a legal prism through which to view [their] alleged error." *Bartley*, 67 Va. App. at 746. Accordingly, we find that Zheng and Wang have also waived this remaining assignment of error.

## CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment.

*Affirmed.*